COMSTOCK v. HOWD.

---

## Wm. Comstock v. John W. Howd.

*Declaration in assumpsit: Cause of action. Justice's Court.* In an action to recover the amount of a subscription to provide for a public dinner, the declaration filed in the justice court alleged that the "defendant, with others, desiring to serve a free dinner to the soldiers, and desiring to raise money therefor, did designate plaintiff as a proper person to raise said money by subscription, and to disburse the same; all which was agreed to and accepted by said defendant; and that defendant, for the carrying on of said purpose, became indebted to plaintiff, and promised to pay," etc., referring to the subscription on file. *Held,* that under the rules of pleading in justice's courts, a substantial cause of action was set forth.

*Voluntary subscription: Consideration: Parties.* A subscription, by which several persons promise to pay the sums set opposite their names, to provide such free dinner is legally binding, notwithstanding no promisee is named; and it may be collected in the name of one of the number, who is selected by the rest to collect and disburse the money. *Held,* also, that the object being a meritorious one, and the subscription by defendant being an inducement to others to subscribe and pay their money, both constituted a valid consideration.

*Heard January* 10th. *Decided January* 14th.

| 15 | 237 |
| 126 | 675 |
| 15 | 237 |
| 129 | ²642 |
| 15 | 237 |
| d135 | 44 |

Case made from Gratiot Circuit.

The case was commenced in a Justice's court. The declaration was as follows:

"William W. Comstock, plaintiff, complains of John W. Howd, defendant, who has been summoned to answer him

COMSTOCK v. HOWD.

in a plea of assumpsit, and says that about the middle of June last, the said John W. Howd, William W. Comstock, and divers other persons, desiring to celebrate the fourth day of July, A. D. 1865, and also on that day to serve a free dinner to the soldiers and their families, of Gratiot county, and also desiring to raise a sum of money for the said purpose, did designate the said William W. Comstock as a proper person to raise such a sum of money, by subscription, as would be necessary to defray the expense of said celebration, and make all necessary disbursements; all of which was agreed to by said persons, and accepted by the said William W. Comstock.

And the said William W. Comstock further says that the said John W. Howd, for the carrying on of said purpose, became indebted to the said William W. Comstock in the sum of ten dollars, and promised to pay the same when requested, which will more fully appear from the instrument in writing, filed herewith. Yet the said John W. Howd has utterly refused to perform his said promise, though often requested so to do, to the damage of the said plaintiff, fifty dollars, and of this he brings suit."

The paper referred to in said declaration, and filed therewith, is as follows:

"We, the undersigned, citizens of Ithaca and vicinity, agree to pay the several sums set opposite our respective names, for the purpose of furnishing a free dinner on the 4th of July to the returned soldiers and their families; also, to the widows and orphans of deceased soldiers of Gratiot county."

This was signed by the plaintiff, defendant, and twenty-five others. The amount opposite defendant's name was ten dollars.

After judgment, the defendant appealed to the circuit court, where he pleaded the general issue, and gave notice that he would give in evidence and prove that he signed said subscription with the express understanding that the

said public dinner referred to therein should be given and served in the village of Ithaca, and that the same was not so given; and that he gave notice, before any expense had been incurred, that he would not pay his subscription unless said dinner was given in the village of Ithaca.

The objections to the evidence on the trial, and the facts, are stated in the opinion.

Judgment was rendered for plaintiff.

*H. Walbridge,* for plaintiff.

1. It is not necessary that a person should be named as payee in the said subscription paper. By the popular plan adopted by the citizens of Ithaca, of whom the defendant was one, it was understood and agreed that the plaintiff should raise, collect and disburse the funds.

The defendant's liability arose at the time of signing the subscription paper, subject only to his withdrawal of the same; and giving notice prior to any liability incurred by plaintiff, in the furtherance of the contemplated object.

Defendant's promise was not in consideration that, if plaintiff, by himself or with others, would get up and serve a free dinner to "returned soldiers," etc., he would pay, etc., but was in consideration of the object of the subscription, and in the other subscriptions, and was founded on a sufficient consideration. — 12 *Mich.* 73.

Defendant promised and agreed to pay the amount of his subscription, for the purpose of furnishing so much in defraying the expenses of a free dinner, etc.

The plaintiff's right of action accrued and was as perfect against the defendant on the 24th day of June, 1865, and after the agreement with Burgess & Kinkerter (who provided the dinner), as at any subsequent time.

Suppose Burgess & Kinkerter had refused to accept and look to plaintiff for pay, and some other person had become personally liable, how could that affect the defendant's liability to the plaintiff, and the plaintiff's right of action?

The plaintiff, in his declaration, clearly alleges the undertaking and promise of the defendant, the object, purpose and the consideration for the same; the relation of plaintiff to the object contemplated and agreed upon, and also the relation of the subscribers to him as the payee and disburser of the subscription fund; and that for the purpose of carrying on and accomplishing the object in view, the defendant " became and was indebted " to him, plaintiff, etc.

The declaration contains all the material facts, in point of law, necessary to sustain this action.

But defendant having by his plea and notice waived his right to demur, can not now question the sufficiency of plaintiff's declaration.

This court have always held the rules of pleading to be extremely liberal when applied to justice's courts. — 8 *Mich.* 427.

It is true that no precise day was agreed upon when defendant should pay his subscription, yet the facts clearly show, and it must have been understood by all the subscribers, including defendant, that the payment of the subscriptions must precede the getting up and serving of the dinner : That the payment was a pre - requisite.

The acceptance of the duties and trust by the plaintiff was, in law, entering upon their discharge.

2. The evidence offered by plaintiff, showing that a dinner was provided and partaken of, as contemplated, and that plaintiff had expended money in procuring said dinner, was admissible and proper.

*R. Strickland*, for defendant.

1. There is no payee named in the said subscription; therefore, no promise in law.

The purpose for which the money was proposed to be given, or paid, was the furnishing of a free dinner for the returned soldiers, etc., of Gratiot county. The plaintiff has

not in his declaration alleged that such a dinner was provided or partaken of by the parties named, viz: the returned soldiers, etc.; nor that the plaintiff had expended any money for such purpose, or become liable to pay any money for the same.

These papers do not show any consideration for the alleged or assumed promise; and without a good and valid consideration, no binding obligation can be incurred.

The declaration must contain all the material facts necessary in point of law to sustain the action. — 1 *Dan'll Prac.* 235 – 6; *Graham's Prac.* 2d ed. 195 to 215; 1 *Chitty's Plead.* 255.

The evidence offered by plaintiff, to show that a dinner was provided and partaken of by the returned soldiers, etc., and that the plaintiff had expended money in procuring said dinner, was not admissible, there being no allegations in the said declaration to which said evidence can apply, or go to establish.

The objection made by defendant to the admissibility of said evidence was well taken, and should have been sustained by the court.

The question is here raised directly, on the trial, at the earliest opportunity.

This case is not analogous to the cases where the sufficiency of the declaration is raised collaterally, after judgment. In such cases it has been held that judgments could be sustained when defects were apparent in the declaration. Here the question is as to the admissibility of the evidence, when the objection is taken at the trial.

The words "because" and "was indebted," as used in the said declaration, can only relate to the statements that precede them in the said declaration, and can not by construction be taken as equivalent to necessary allegations, not expressed therein.

The question of the admissibility of the said evidence, in this case, is directly presented to this court; and if

the said evidence is not admissible, the judgment of the court below should be set aside.

CHRISTIANCY J.

This was an action brought to recover the amount of a subscription of the defendant, which was in the following words: "We, the undersigned, citizens of Ithaca and vicinity, agree to pay the several sums set opposite our respective names, for the purpose of furnishing a free dinner on the 4th of July to the returned soldiers and their families; also to the widows and orphans of deceased soldiers of Gratiot County." This was signed by the plaintiff and defendant and twenty-five other persons, with an amount in figures opposite the name of each; the amount opposite that of the defendant being ten dollars.

The defendant objected to the introduction of the subscription, because, 1: No cause of action is alleged in the declaration, and, 2: That no payee is named in the subscription. This objection was overruled and the evidence admitted. Plaintiff was also allowed to prove, against defendant's objection, that said celebration was held, the dinner provided and partaken of by the returned soldiers and their families, and by the widows and orphans of the deceased soldiers; and that plaintiff, at a meeting held (June 19th) for the purpose of raising the funds for the above purposes, was elected a treasurer to receive and disburse the funds raised for the purpose, and that he was made the chairman of a committee to raise funds for those purposes by subscription, and had paid for the dinner.

It is claimed by defendant's counsel that the only ground upon which the plaintiff could recover, must be that he had, in reliance upon the subscription, incurred and paid the expenses; that his declaration which is special, not containing the common counts, does not place his right of action upon this ground, but merely upon the liability created by the subscription itself and, therefore,

that it shows no right of action, and that all the evidence of payment by plaintiff, as well as his appointment to raise, receive and disburse the funds, was inadmissible.

It may be admitted that the evidence of the plaintiff having paid the expenses of the dinner, or become liable to pay, was mere surplusage.    We think such was the fact.

The declaration does not allege such payment or the incurring of any liability by the plaintiff, but bases his right of action upon the subscription, and the facts that defendant and divers other persons had designated him "as a proper person to raise such sum of money by subscription, and make all necessary disbursements," all which was agreed to by such persons and accepted by said plaintiff; that defendant, for the carrying on of said purpose, became indebted to the plaintiff in the sum of ten dollars and promised to pay when requested; for which he refers to the subscription on file as a part of his declaration.

Under the liberal rules of pleading in justices' courts we think the declaration sets forth substantially all the facts necessary to a good cause of action, and that it was fully sustained by the proof, as found by the judge.

The subscription itself, together with the appointment of plaintiff to raise the money by subscription, to make all necessary disbursements, and his acceptance of the position constituted a valid contract between the defendant and the plaintiff.    The designation of the plaintiff, as the person to raise and disburse the funds, places the subscription on the same ground as if his name had been inserted in it as the payee.    It was held in *Thomas v. Dodge*, 8 *Mich.* 51; *and Nevius v. Bank of Lansingburg*, 10 *Id.* 547, that the guaranty of a promissory note need not name the promisee, and that it becomes definite and fixed when any one takes it upon the guarantor's credit.    This is a very usual mode of drawing up a subscription, and we

must suppose the subscribers expected and intended to pay to some party appointed for the purpose of receiving it: and in legal effect the promise, we think, is to pay to the person who shall be thus appointed.

We see no difficulty upon the question of a consideration. The object was a meritorious one, for which people generally are willing to expend money, and which, therefore, "must be regarded as worth money when it is promised." (*Underwood v. Waldron*, 12 *Mich.* 90.) Beyond this also the subscription of the defendant must be looked upon as an inducement to others to subscribe and pay their money, in reliance upon the payment to be made by each of the other subscribers; none of whom would be so likely to subscribe or pay, but for this reliance, as without it they would not expect the attainment of the common object.

The judgment of the court below must, therefore, be affirmed, with costs to the plaintiff.

CAMPBELL and COOLEY JJ. concurred.

MARTIN Ch. J. did not sit.