THE NORTHERN CENTRAL MICHIGAN RAILROAD COMPANY v.
CHAMPION ESLOW ET AL.

*Subscription to railway construction—Acceptance.*

A subscription paper was headed as follows: "We, the undersigned, in consideration that the Northern Central Michigan Railroad Company shall proceed to the building of said road, hereby agree to pay to said company,—for which we shall have paid-up stock of the company,—the amount set to our names, to be paid 20 per cent a month, beginning when the work shall have commenced." It was not a subscription to stock taken by commissioners in the mode prescribed by law, and therefore binding on the company. *Held* that in the absence of any averment in the declaration that the offer it contained was accepted and acted upon, it would not sustain a recovery against subscribers.

Demand of payment and suit for its recovery are not evidence of acceptance where a subscription is otherwise invalid.

Error to Calhoun.  Submitted Jan. 14.  Decided Jan. 21.

ASSUMPSIT.  Plaintiff brings error.  The facts are stated.

*Rienzi Loud* for plaintiff in error.  The completion of a railroad furnishes a consideration for a promise made by subscribers to pay money to the company on condition of its proceeding to build.  *Cottage Street M. E. Church v. Kendall*, 16 Amer. Law Reg., 546, n.

*William H. Brown, John C. Patterson* and *A. M. Culver* for defendants in error.

COOLEY, J.  This is an action to recover a subscription of one thousand dollars made by the defendants to the following paper:

"We, the undersigned, in consideration that the Northern Central Michigan Railroad Company shall proceed to the building of said road, hereby agree to pay to said company,—for which we shall have paid up stock of the company,—the amount set to our names, to be paid 20 per cent a month, beginning when the work shall have commenced.  Dec. 27, '69."

In *Parker v. Northern Central Michigan R. R. Co.*, 33 Mich., 23, another party was sued upon a subscription made to this instrument, and the court, in an opinion by Mr. Justice Campbell, held that there could be no recovery. The instrument, for reasons there fully explained, was not a valid subscription to stock, and at most it could only constitute an offer by the subscribers to the railroad company, which it was neither averred nor proved that the railroad company had ever accepted or acted upon.

In this case an attempt is made to avoid the force of the previous decision. The first count of the declaration avers that the defendants and certain other persons were desirous that the plaintiff should construct a railroad from Jonesville to Albion, and thence to Lansing, for the benefit of themselves severally, and that defendants, *in consideration that plaintiff should proceed to construct said road,* and for the purpose of effecting said object, *and in consideration that certain persons did subscribe their names* to the paper above recited, did themselves subscribe and promise to pay the sum of one thousand dollars. It then avers that afterwards, on the 18th day of August, 1871, "the said defendants, still being and remaining subscribers as aforesaid, and no part of said sum having been paid, and the said defendants still being indebted to said plaintiff in said sum as aforesaid, the board of directors of the said plaintiff, at a lawful meeting thereof then held, did, for the purpose of constructing, operating and maintaining its said railroad, make, pass and adopt a resolution in substance as follows, to-wit:

At a meeting of the board of directors of the Northern Central Michigan Railroad Company, held at Odd Fellows' Hall, in Albion. Minutes of last meeting read and approved. Present, directors Irwin, Brockway, Galery, Landon, Hollingsworth and Riblet. On motion, each director, from their locality, be called upon to report the amount raised for grading said road. Jonesville, $10,000; Litchfield, $25,000; Homer, $18,000; Albion, $55,000; Springport, $17,150; Eaton Rapids, $19,105; Winsor, $2,000; Lansing, $10,000. On motion a committee was appointed to examine notes and subscriptions. The board took a recess until 7½ o'clock in the evening.

Board called to order by President. Present, a full board except Hart and Baxter. After which Mr. Brockway introduced to the board Mr. Johnson, as agent for J. Condit Smith. On motion that the board accept of Springport, in addition to what had been reported in full, $1,500 more, the board adjourned until next morning, 7½ o'clock, August 19th. Whereby, then and there, the subscription of said defendants was delivered to, received and accepted by said plaintiff; and plaintiff avers that afterwards, to-wit, on the twenty-first (21st) day of August, A. D. 1871, the defendants still being and remaining such subscribers as aforesaid, and no part of said sum having been paid, the said plaintiff relying upon said subscription and promise of said defendants *in consideration thereof*, commenced work upon said railroad and proceeded with the construction thereof, from that time to the first day of January then next following, at which time the iron was laid upon said road from said Jonesville to said Albion. And from said first day of January to the first day of January then next following, the said plaintiff proceeded with the building of said road, and completed said road from said Jonesville, through said Albion; to said city of Lansing. Yet that although said plaintiff has completed said road, and the persons so subscribing have paid the amounts by them subscribed, and the plaintiff has expended and paid out large sums of money upon said road on the faith of said subscription in constructing said road. Yet the said defendants not regarding their said promise, did not, nor would, although often requested so to do, pay to said plaintiff the said sum of one thousand dollars or any part thereof."

There are other counts in the declaration, but it is not important to recite them as it is clear that they do not present a case differing from that considered in the suit with Parker.

The theory of the first count is somewhat obscure. One might infer that the purpose was to support the promise of these defendants by the promises of other parties, under the principle affirmed in *Underwood v. Waldron*, 12 Mich., 73, and *Comstock v. Howd*, 15 Mich., 237; but counsel for the plaintiff does not so understand it. "The consideration for the promise," he says in his brief, "was the building of the road;" and no doubt this truly interprets the declaration.

We are to see, then, whether it appears by this declaration that the plaintiff ever accepted and acted upon this subscription. The proceedings of the meeting of August 19, 1871, are relied upon as showing acceptance, but they wholly fail to show it. There was no acceptance of any thing at that meeting, unless possibly it may be the Springport subscription, concerning which no question arises here. Concerning the others an intent to accept is neither expressed nor in any way hinted at. But what is equally conclusive is, there is nothing to show that this subscription was included in those which were before the board on that occasion.

It is argued, however, that the demand of payment and the subsequent suit to recover are sufficient evidence of acceptance, and *Richmondville Union Seminary v. McDonald*, 34 N. Y., 379, is cited as authority for this argument. But the subscription in that case was a subscription to the stock of the corporation. It has been repeatedly held in this State that only the commissioners appointed for the purpose can lawfully take subscriptions to the stock of a railroad company. *Schurtz v. Schoolcraft etc. R. R. Co.*, 9 Mich., 269. A subscription like the one in suit is consequently invalid unless supported by some independent consideration. In this case none appears, and as was said in Parker's case, it is not shown that the minds of the parties ever met, or that the offer of this subscription was ever accepted.

It is not important to discuss the questions of evidence presented by the record when the declaration itself is thus defective. Judgment affirmed with costs.

The other Justices concurred.