## CHARLES F. CONRAD v. WILLIAM G. LA RUE.

*Trover for shares of stock.*

One of several stockholders cannot back out of an agreement which all have entered into to contribute a number of shares each, to be sold for the benefit of the corporation, after the rest, in reliance upon the agreement, have contributed their proportion. And if his shares have been taken and used accordingly, he cannot bring trover for them.

Error to Marquette.   (Grant, J.)   Oct. 16.—Dec. 20.

·CASE.   Plaintiff brings error.   Affirmed.

*F. O. Clark* for appellant.

COOLEY, J.   Trover for the conversion by defendant of two hundred shares in the Conrad Iron Mining Company. Defendant was secretary and treasurer of the company, and it is not disputed that he had the shares and disposed of them.   The question is whether he was warranted in what he did.

The evidence for the defense tended to show the following state of facts : The Conrad Iron Mining Company is a corporation, and in October, 1880, it had ten stockholders, each of whom owned two thousand shares.   The company was in need of money, and an informal meeting of the stockholders was held at which it was agreed that each of them should put two hundred shares of his stock in the hands of defendant to be disposed of by him for the company at two dollars a share.   This agreement was carried out so far as the other shareholders were concerned, but not by the plaintiff.   Defendant, however, had possession of the certificates for all the plaintiff's shares, and in December, 1880, when plaintiff called upon the defendant for his certificates, those representing eighteen hundred shares were delivered over to him, and the rest retained and canceled. For those canceled, new certificates were subsequently issued and disposed of by defendant, who relied, in disposing of them, upon the October agreement.   Plaintiff denied that he agreed to put the two hundred shares into defendant's hands as was claimed by defendant, and he gave evidence which he contended showed that he paid to or for the company, in money, all that could be justly claimed from him. He also produced evidence to show that the proceeds of the shares put into defendant's hands and sold had been misappropriated.

In submitting the case to the jury the circuit judge instructed them as follows :

" It appears, gentlemen, from the evidence in the case that a corporation known as the Conrad Iron Mining Company was organized and incorporated with ten stockholders of which the plaintiff was one and the defendant La Rue was another. The amount of stock was twenty thousand shares. Each was entitled to two thousand shares of stock. It seems the certificates of stock were duly filled out and signed by the president and the secretary, and that a certificate of two hundred shares belonging to the plaintiff in this case was left with the secretary; or, in other words, it was never delivered by the secretary of the company to the plaintiff in this case. The plaintiff claims that he was entitled absolutely to that stock, and that the defendant having taken and used it, or disposed of it without his authority, converted it. It will depend, gentlemen, upon the arrangement made between these parties. The defendant claims that sometime in October, 1880, the stockholders of the company got together for the purpose of ascertaining what should be done. It is claimed that the stockholders then and there agreed that each should place in the hands of the secretary and treasurer of the company two hundred shares of the stock of the corporation, to be sold by him at not less than two dollars a share, but at the best attainable price, the proceeds of which were to go into the treasury of the company, to be used in carrying on and paying the necessary expenses in carrying on the mine. If you find it was agreed between the plaintiff and the other stockholders then and there that they should so place two hundred shares of stock for that purpose, and that the plaintiff did leave that stock in the hands of the defendant La Rue, who was then the treasurer as well as the secretary of the company, to be used for that purpose, I charge you as a matter of law that that would entitle and authorize the defendant La Rue to sign and execute the necessary papers to transfer that stock to a bona fide purchaser. It wouldn't be necessary, in order to entitle him to transfer the stock, that the plaintiff in the case should have made an assignment in writing, or sign the assignment which is usually in blank upon the backs of the certificates. If he placed it in his hands for that purpose, he said substantially to Mr. La Rue, you may do any act which I might do necessary to transfer a good title to that stock. This would authorize La Rue either to cancel the stock and issue a new certificate to the purchaser or to make an assignment in the plaintiff's name and then transfer it.

Much had been said to you in regard to the misappropriation of these funds by the defendant La Rue after the stock was sold. I charge you, gentlemen, as a matter of law, that you have nothing whatever to do with that. If this stock was sold pursuant to that agreement and the money placed into the hands of the treasurer, no misappropriation of the funds by La Rue, no payment of extravagant bills, would be evidence tending to show that he had converted the stock as claimed in this case. He would be liable in another action, but not in an action of this kind by the plaintiff."

The plaintiff insists that this charge was erroneous; that if the evidence for the defense was believed, the October understanding amounted only to a promise by each of the stockholders that he would make a gift to the company, and that this promise, so far as plaintiff was concerned, was recalled when he demanded his stock, and defendant had no right to act upon it afterwards. This is plausible, but we do not think it is the correct view to take of the case.

The ten stockholders were all concerned in a joint undertaking in which they severally had equal interests. Their promise to put two hundred shares each in the hands of defendant for the benefit of the undertaking was a promise to each other as well as to the company, and was in no sense a mere gift. Each promise gave support to the others, and this plaintiff was not at liberty to withdraw after others, in reliance upon his promise, had performed theirs. *Underwood v. Waldron* 12 Mich. 73; *Comstock v. Howd* 15 Mich. 237; *Baker v. Johnston* 21 Mich. 319; *Stevens v. Corbitt* 33 Mich. 458; *Michigan &c. R.R. Co. v. Bacon* 33 Mich. 466; *Tower v. Detroit &c. R. R. Co.* 34 Mich. 328. And the judge was quite right in holding that the question of misappropriation could not be tried in this suit. If there was a misappropriation it was of corporate property; not of property belonging to this plaintiff.

The judgment must be affirmed with costs.

The other Justices concurred.