(Cincinnati Sup. Ct., Gen. Term., Nov., 1901.)
GEORGE HIEBER v. THE COMMERCIAL
—TRIBUNE COMPANY.

Error will not be considered upon the petition of one in whose favor the jury found all the substantive issues.

(Hamilton Co., O., Common Pleas, 1901.)
IN RE ESTATE OF EDWARD DE SERISY.

*Section 6173, Rev. Stat.—Executor's statement—*

1. A journal entry, under which a certificate of indebtedness is issued by the probate court for the purpose of filing the same in a partition suit in the common pleas and obtaining money to pay debts, as authorized b sec. 6173, Rev. Stat., 74 O. L., 167, will be set aside where the statement of the executor does not show all the assets and indebte ness of his estate, and especially where it does not show that the personal property is insufficient to pay the debts thereof.

*When notice to heirs is required—*

2. A proceeding under secs. 6173 and 6174, Rev. Stat., to procure a certificate of indebtedness to file in a suit in partition is one to sell lands to pay debts, and where the claims for the payment of which the sale of the land is, required include one due the executor, the heirs should have notice and be allowed to defend against it if such claim is denied.

APPEAL.
S. W. SMITH, J.

In this case heard on appeal from the probate court to vacate and set aside the journal entry and certificate of indebtedness of the executor in the above estate relating to the obtaining of a certificate by the executor as to the debts of the estate for the purpose of filing the same in a partition suit in the common pleas court, the court is of the opinion that under the law governing such matters contained in 74 O. L., 167, 168, sections 6173 and 6174, Revised Statutes, that said journal entry under which the certificate of indebtedness was issued should be set aside.

The law in question provides that whenever an executor or administrator shall become satisfied that the personal assets in his hands belonging to such estate are insufficient to pay the indebtedness thereof, and while there yet remains in the hands of the sheriff or other officer of the court money due or to become due payable to him, arising from the sale of real estate in partition which might be sold by such executor or administrator to pay debts, it shall be the duty of such executor or administrator to file under oath, with the probate court of the proper county, a written statement showing all the assets and the indebtedness of such estate, so far as can be ascertained, and upon the probate court being satisfied from such evidence as may be presented, that the personal assets of such estate are insufficient to pay the debts of the estate, the court shall so make a finding upon its journal, and furnish a certificate to the executor or administrator so applying, stating the aggregate amount of the personal assets and indebtedness of such estate, together with the amount which will be required in addition to the amount of the personal assets to pay the debts of such estate. And when the real estate has been sold in partition suit, and the proceeds are in the hands of the sheriff or other officer of the court, it is provided that when it shall further be made to appear to such court on the application of the executor or administrator of such decedent, by his motion in writing, together with the certificate of the probate court that the personal assets of such estate are insufficient to pay the debts and expenses of administration, it shall be the duty of the court to order the sheriff out of such funds to pay the amount so required, or as much thereof as he may have

control of, to such executor or administrator, to pay the debts of the estate and costs of administration.

By closely examining this statute, the court is of the opinion that the statement of the executor filed in the probate court does not comply with the statute. He does not show all the assets and indebtedness of said estate, and for aught, there may be, from his statement, personal assets of the estate sufficient to pay the debts. The full amount of the personal assets and indebtedness is not shown either by the entry or by the certificate.

So far as its being an adversary proceeding the heirs would not, in the opinion of the court, require notice of the application, unless the executor or administrator was to make application to pay a debt due himself out of the assets, in which case, as is well known, the statute provides how this can be done. In this regard counsel for the executor claiming that among the debts due from the estate is one due to the executor, it would seem that in this respect notice of some sort should be given to the devisees or heirs of the estate. It would seem when the personal assets of an estate are insufficient to pay the debts, and proceedings are commenced to sell real estate, that this contemplates adversary proceeding, and as in this case, where the claim of the executor or administrator is denied by the parties in interest, it would appear that they should be allowed to defend, or at least set up, such evidence as they may have against the claim of the executor that there are debts existing, to pay which the personal assets of the estate are insufficient.

The court is of the opinion there are, that the motion to set aside the journal entry granting the certificate of indebtedness should be granted.

*Milton Sater* and *Follett, Kelly & Follett*, for Appellant.

*Thomas B. Paxton*, contra.

*Milton Sater* and *Follett, Kelly & Follett*, for Appellant, cited: Certificate, journal entry and statement on which the same is predicated do not comply with the law (74 O. L., 147-8), and the court was not authorized to entertain the statement and issue the certificate.

This law is supposed to be embodied in secs. 6173-4, Rev. Stat., but the revision does not correctly present it and no doubt led to the mistake made here and many others. Revised Statutes have the same construction as the original, although the language has been changed: *State* v. *Shelby Co.*, 36 Ohio St., 326; *Allen* v. *Russell*, 39 Ohio St., 336-7; *State* v. *Auditor*, 43 Ohio St., 311, 315 [1 N. E. Rep., 209]; *State* v. *Stockley*, 45 Ohio St., 304, 308, 9 [13 N. E. Rep., 279].

Said written statement did not show "all the assets and indebtedness of said estate," and the court was without jurisdiction to entertain and act upon it: *Spoors* v. *Coen*, 44 Ohio St., 502 [9 N. E. Rep., 132]; *Miller* v. *Miller*, 21 C. C., 207; *Sheldon* v. *Newton*, 2 Ohio St., 494; Freeman on Judgts., sec. 118; *Roseburgh* v. *Ansey*, 35 Ohio St., 107, 111; *McCall Admr.* v. *Pixley*, 48 Ohio St., 379, 387 [27 N. E. Rep., 887]; *In re Cloud Estate*, 7 C. C., 67.

The claim presented by the statement and the certificate should have been made in the partition case, its validity contested, when the parties were all before the court: *Lafferty* v. *Shinn*, 38 Ohio St., 46. These facts bar Robbins from subsequently making the present demand against the estate and that he is not only estopped by matters *in pais* but by the record in his conduct falls within the rule laid down in *Babcock* v. *Camp*, 12 Ohio St., 11, 36, 7; *Covington & Cinti. Bridge Co.* v. *Sargeant*, 27 Ohio St., 233; *Roby* v. *Rainsberger*, 27 Ohio St., 674; *Petersine* v. *Thomas*, 28 Ohio St., 596; *Ensel* v. *Levy*, 46 Ohio St., 255 [19 N. E. Rep., 597].

By accepting the lots encumbered as they were he was and is personally obligated for the indebtedness and in making the payments he has made was paying his own debt: *Glass* v. *Dunn*, 17 Ohio St., 413.

One of these things lacking, the court is without jurisdiction, and its judgment invalid. And this is true in courts of special as well as courts of general jurisdiction: 10 Am. & Eng. Ency. Law, 300-1-2-3; 16 Am. & Eng. Ency. Law, 807; Freeman on Judgments, secs. 118, 319a (3 ed.); 1 Herman on Estoppel, 70-1-2-3, 201, sec. 182; *State* v. *Guilbert*, 56 Ohio St., 575, 619, [47 N. E. Rep., 551; 60 Am. St. Rep., 756]; *Galpin* v. *Page*, 85 U. S. (18 Wall.), 350, 368-9; *Windsor* v. *McVeigh*, 93 U. S., 274; *Springer* v. *Shavender*, 116 N. C., 12 [21 S. E. Rep., 397, 33 L. R. A., 772, 778]; *Garvin* v. *Daussman*, 16 N. E. Rep., 826 [114 Ind., 429; 5 Am. St. Rep., 637]; *Asphalt Pav. Co.* v. *Edgerton*, 25 N. E. Rep., 436 [125 Ind., 455]; *Chicago, etc., R. R. Co.* v. *State*, 66 N. W. Rep., 624 [47 Neb., 549; 53 Am. St. Rep., 557; 41 L. R. A., 481]; *Calhoun* v. *Fletcher*, 63 Ala., 574; *Zigler* v. *South, etc., Ala. R. Co.*, 58 Ala., 594; *McGavock* v. *Omaha*, 58 N. W. Rep., 543 [40 Neb., 75]; *Jensen* v. *Railroad Co.*, 21 Pac. Rep., 994 [6 Utah, 253; 4 L. R. A., 724]; *Burlington, etc., R. Co.* v. *Dey*, 48 N. W. Rep., 98 [82 La., 312; 31 Am. St. Rep., 477], Cooley's Const. Law, 442, 508-9 (4th ed.); *Iowa Cent. Ry. Co.* v. *Iowa*, 160 U. S., 389 [16 S. Ct. Rep., 344]; *Leeper* v. *Texas*, 139 U. S., 462, 468 [11 S. Ct. Rep., 577]; *Dent* v. *W. Va.*, 129 U. S., 124 [9 S. Ct. Rep., 231]; *Pennoyer* v. *Neff*, 95 U. S., 714, 733.

The probate court is a court of special and limited jurisdiction, having only such powers as are conferred on it by the constitution and statutes of the state: *Harbeck* v. *Toledo*, 11 Ohio St., 219, 224; *Adams* v. *Jeffries*, 12 Ohio St., 253 [40 Am. Dec., 477]; *Davis* v. *Davis*,

11 Ohio St., 386, 391; *Spoors* v. *Coen*, 43 Ohio St., 497 [9 N. E. Rep., 132]; *Saxton* v. *Sieberling*, 48 Ohio St., 559 [29 N. E. Rep., 179]; *Flint River Steamboat Co.* v. *Foster*, 5 Ga., 194 [48 Am. Dec., 248, 254]; 10 Am. & Eng. Ency. of Law, 300; 16 Am. & Eng. Ency. of Law, 807; Webster's Definition, 10 Am. & Eng. Ency. of Law (2 ed.), 293; *Gilpin* v. *Page*, *supra;* 1 Herman Estoppel & R. J., sec. 57a; *Cheney* v. *Powell*, 20 C. C., 398, on p. 403; Cooley's Const. Lim., 442, sec. 357 (4 ed.).

No exceptions were filed to the account within the time fixed by law, it was confirmed and became conclusive "as against all parties with actual notice of the settlement of all matters set forth and specified therein." Secs. 6289, 6187, R. S.; *McAfee* v. *Phillips*, 25 Ohio St., 374, *Piatt* v. *Longworth*, 27 Ohio St., 159; *Eichelbarger* v. *Gross*, 42 Ohio St., 549, 554; *Cincinnati, S & C. Rd.* v. *Belle Centre*, 48 Ohio St., 273 [27 N. E. Rep., 464]; *Woodward* v. *Curtis*, 19 C. C., 15.

When the account was confirmed the court lost its jurisdiction over the whole proceeding, except that it might be brought into life again for the purpose of enforcing an accounting and distribution of assets coming into the executor's hands after the final account was filed: Secs. 6289, 6187, R. S.; *McAlfee* v. *Phillips*, 25 Ohio St., 374; 1 Herman Estoppel, p. 348, sec. 296.

It is a general rule that an application to amend or correct record can only be made on notice to the adverse party, or the persons interested in the record entry, that they may have an opportunity to appear and show cause against the proposed alteration: 17 Ency. Pl. & Pr., 923, 925; Freeman on Judgments, secs. 71, 72a; *Hill* v. *Hoover*, 5 Wis., 386 [68 Am. Dec., 70]; *Hollister and Smith* v. *Judges, etc.*, 8 Ohio St., 202 [70 Am. Dec., 100]; *Weed* v. *Weed*, 25 Conn., 337; *Means* v. *Means*, 42 Ills., 50; *Wooster* v. *Glover*, 37 Conn., 315; *Rockland Water Co.* v. *Pillsbury*, 60 Me., 425; *People* v. *McCutcheon*, 40 Mich., 224; *McNairy* v. *Castleberry*, 6 Texas, 286; *Alexander* v. *Stewart*, 23 Ark., 18; *Johnson* v. *Johnson*, 26 Ohio St., 357, 362.

Good morals estop him from changing his position and now asserting this claim: *Ensel* v. *Levy*, 46 Ohio St., 225 [19 N. E. Rep., 597].

That Robbins is estopped from asserting the claim: (a) by the confirmation of the final account, (b) by distributing the estate without asserting it, (c) by delay in making the demand and filing the statement, (d) by his answer in case No. 112, 515, and (e) if he made a mistake in distributing the estate, the payments were voluntary and his rights, if any he had, were lost. *Phillips* v. *McConica, Guardian*, 59 Ohio St., 1 [51 N. E. Rep., 445; 69 Am. St. Rep., 753].