## WATERS v. UNION TRUST CO.

1. CHURCH BUILDING—CONDITIONAL SUBSCRIPTION—PRESUMPTION.
    Where a sum is subscribed for the building of a church on con-
    dition that other subscriptions, aggregating a certain amount,
    are obtained, and subsequent subscribers know of the former
    subscription, it will be presumed that their subscriptions are
    made in reliance on the earlier subscription, though it is an
    instrument complete in itself, and separate from the other
    subscriptions.

2. SAME—CONSIDERATION.
    Unconditional subscriptions to a church building fund, made
    after the making of a subscription conditioned on the obtain-
    ing of other subscriptions aggregating a certain sum, and in
    reliance on the conditional subscription, constitute a sufficient
    consideration to support the conditional subscription.

3. SAME—DEATH OF SUBSCRIBER—REVOCATION.
    Where a subscription to a church building fund is supported
    by a good consideration, the death of the subscriber does not
    operate as a revocation thereof.

4. SAME—CONSTRUCTION OF SUBSCRIPTION CONTRACT.
    Where a subscription to a church building fund is conditioned
    on the obtaining of other subscriptions aggregating a certain
    sum, an option therein giving the subscriber the privilege of
    paying his subscription in annual installments does not oper-
    ate to require the other subscriptions, which are a condition
    precedent to his liability, to be all made prior to his death, in
    order to render his subscription binding.

5. SAME—PERFORMANCE OF CONDITION—QUESTION FOR JURY.
    Where a subscription to a church building fund, conditioned
    on the obtaining of other subscriptions aggregating a certain
    sum, does not fix the time for the performance of the condi-
    tion, the question whether a performance thereof 3½ years
    later was within a reasonable time is for the jury, in a pro-
    ceeding to enforce the conditional subscription; in determin-
    ing which question the fact that the conditional subscriber
    was himself a member of the building committee, to whom
    the subscription was payable, and paid an installment of his
    subscription shortly before the proceeding was instituted,
    may be taken into consideration.

Error to Wayne; Brooke, J.   Submitted November 13, 1901.   Decided March 18, 1902.

William O. Waters and others presented a claim against the estate of Hervey C. Parke, deceased, upon a subscription.   The claim was disallowed by the commissioners, and claimants appealed to the circuit court.   From a judgment for claimants on verdict directed by the court, the Union Trust Company, executor of the last will and testament of decedent, brings error.   Reversed.

*Wells, Angell, Boynton & McMillan* (*Edwin F. Conely* and *Orla B. Taylor*, of counsel), for appellant.

*Elliott G. Stevenson* and *Leo M. Butzel*, for appellees.

MONTGOMERY, J.   Decedent subscribed $5,000 to assist in the building of a church, to be paid to the building committee "only when the full sum of $30,000 shall be subscribed for the purpose stated above; and said $5,000 to be paid, at my option, in installments of $1,000 annually."   There was no other subscription attached to the same paper.   At the time of decedent's death, about three years later, less than $15,000 had been subscribed, in addition to Mr. Parke's $5,000.   There was testimony that, in soliciting subscriptions, use was made of the fact that Mr. Parke had made this subscription, and that most of those who subscribed knew of that fact.   Subsequent to Mr. Parke's death, and before the hearing of the claim by the commissioners, though not before the filing of the claim, enough additional subscriptions were obtained to bring the total above the required $30,000.   Claimants' witnesses testified that all the subscriptions were made in good faith, and were collectible, and there was no testimony introduced to the contrary.   Mr. Parke paid $1,000 upon his subscription in his lifetime.   The construction of the church has been going on since the date of this subscription, and most of the money paid in on the subscrip-

tions at the time of Mr. Parke's death (about $14,000) had been devoted to construction. No debt has been incurred. The circuit judge directed a verdict for claimants.

The principal question in the case is whether, at the time of Mr. Parke's death, his subscription amounted to a contract upon a sufficient consideration, or was a mere revocable offer. Where subscribers to an object such as this all sign the same agreement, upon the same paper, it is not necessary to prove that the contested subscription was an inducement to others to subscribe and pay their money, or that they subscribed and paid in reliance upon it. That fact is presumed. As was said by Mr. Justice CHRISTIANCY in *Comstock* v. *Mowd*, 15 Mich. 244:

"None of them would be so likely to subscribe or pay but for this reliance [upon the payment to be made by each of the other subscribers], as without it they would not expect the attainment of the common object."

See, also, *Underwood* v. *Waldron*, 12 Mich. 73; *Allen* v. *Duffie*, 43 Mich. 1 (4 N. W. 427, 38 Am. Rep. 159); *Conrad* v. *La Rue*, 52 Mich. 83 (17 N. W. 706); *First Universalist Church* v. *Pungs*, 126 Mich. 670 (86 N. W. 235).

In the present case it seems to us that there is as much reason to presume that those subscribers who knew of Mr. Parke's subscription made their subscriptions in reliance upon the performance of his promise as in reliance upon the subscriptions of those who signed the same paper with them. It is contended that, because his was the only conditional subscription, the other subscriptions were not made in reliance upon his, they being payable regardless of whether his subscription should become binding or not. But we think Mr. Justice CHRISTIANCY's language, above quoted, aptly expresses what is meant by a subscription in reliance upon the subscription of another. Without Mr. Parke's subscription, and without the performance of the condition upon which it depended, the other subscribers could not expect the attainment of the common object.

It is contended by counsel for the estate that, however the contract of Mr. Parke is construed, death worked a revocation of the contract. If the subscription were regarded as a mere offer, this contention would be sound. But, as we have seen, it is something more; it is a contract upon consideration. The cases cited by appellant to support the claim that death revokes such a promise as this are all cases where the decedent might himself have revoked the promise at the time of his death, and we think that the rule should apply only to such cases. It is very ingeniously argued that, because decedent had the option of paying the money in annual installments, he should have the right to fix the method of payment during his own lifetime, and the condition precedent to his liability was to be fulfilled before his death. The reference to the condition precedent shows the fallacy in this argument. If there were no condition precedent the option could cut no figure, even though it were to be exercised at a later date, which might fall after the death of the subscriber.

But we think the court was in error in one respect. There can be no doubt that, to make this promise binding upon the deceased, it is essential that the condition precedent be performed within a reasonable time. The circuit judge evidently treated this question as purely a question of law. We think, however, that it involved a question of fact for the jury. In determining this fact, the jury would have a right to take into account the fact that Mr. Parke was himself a member of the building committee, and that he made two payments upon his subscription, one of them only three months before his death. • See *Greenwood* v. *Davis*, 106 Mich. 230 (64 N. W. 26).

For the error in withdrawing this question from the jury, the judgment will be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.