*In re* UPPER PENINSULA DEVELOPMENT BUREAU.

CLAIM OF JOHNSON PRINTING, INC.

1. PLEDGES—MUTUAL PROMISES—CONSIDERATION.

   Mutual promises between subscribers of pledges for a lawful purpose will constitute a consideration therefor, since otherwise the subscribers could not expect the attainment of the common object.

2. SAME—NONPROFIT CORPORATION—GARNISHMENT—JUDGMENT CREDITOR—RECEIVERS.

   Judgment creditor of nonprofit development corporation, wholly without assets other than pledges of contributions, is given 60 days within which to attempt collection against pledgors by garnishment, dissolution being deferred for such period to enable other creditors also to institute actions against the corporation with ancillary garnishment proceedings based on the pledges; appointment of a receiver being impracticable under the circumstances.

3. COSTS—BRIEFS—MODIFICATION OF DISSOLUTION ORDER—RECEIVERS.

   No costs are allowed judgment creditor of insolvent nonprofit development corporation upon obtaining a modification of order relative to dissolution of corporation with affirmance of denial of receiver by trial court, where counsel for corporation filed no brief on appeal.

Appeal from Marquette; Rushton (Carroll C.), J. Submitted June 9, 1961. (Docket No. 41, Calendar No. 49,018.) Decided September 22, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Subscriptions § 14.
   Consideration for subscription agreements. 38 ALR 86, 95 ALR 1305, 115 ALR 589, 151 ALR 1238.
[2] 50 Am Jur, Subscriptions § 25 *et seq.*
[3] 14 Am Jur, Costs § 98.

In the matter of the petition of the Upper Peninsula Development Bureau, a Michigan nonprofit corporation, for dissolution, Johnson Printing, Inc., a foreign corporation, intervened as party defendant and asked appointment of receiver to administer as assets a number of pledges for contributions. Decree of dissolution entered without appointment of receiver. Defendant appeals. Modified to extend dissolution date and remanded to afford creditors opportunity for actions and garnishment proceedings.

*Quinnell, Hill & Quinnell* (*Edward A. Quinnell,* of counsel), for defendant.

CARR, J. The corporation the dissolution of which is sought in this proceeding was organized in 1911 for the general purpose suggested by its title. Its principal activity formerly was concerned with the encouragement of the tourist industry. During the past decade the scope of its operations was extended to include industrial promotion. It does not appear that there was any reorganization of the corporation at that time or any amendment of its articles. As a practical proposition, however, the management of the corporation recognized an industrial division and a tourist and travel division, both of which were subject to the direction and control of the corporate president and board of directors. Apparently the first named division was financed, principally at least, from pledges made for its assistance, while the tourist division depended on revenues received from the publication of advertising matter in connection with the efforts made to effectuate its objectives.

During the year 1958 the corporation became involved in financial difficulties. A judgment was obtained against it by Johnson Printing, Inc., in the

amount of several thousand dollars and attempts to collect the judgment proved embarrassing to the operations that were being attempted. On June 25, 1959, the corporate directors adopted what is described as an "informal resolution" to dissolve. Presumably as a result of such action a petition was filed on December 21, 1959, in the name of the corporation, asking that a decree of dissolution be entered. Said petition alleged that the Upper Peninsula Development Bureau was a nonprofit corporation with its principal place of business in the city of Marquette, Michigan, that it was insolvent, and that it was deemed expedient that it be dissolved. It was specifically set forth that the matters that had occurred with reference to its condition and the attempt to collect outstanding indebtedness was detrimental to the tourist industry and to business in the Upper Peninsula of the State, and hampered the activities of other agencies organized for promotional purposes. The petition also asked that a receiver be appointed.

Johnson Printing, Inc., filed an answer to the petition admitting the averments thereof as to insolvency and the alleged reasons for dissolution, and further setting forth that the corporation was then indebted to it on the judgment above referred to in the sum of $12,703.08. It joined in the prayer of the petition. Attached to said answer was a list of pledges of financial aid asserted to have been made for the benefit and assistance of the Upper Peninsula Development Bureau, the aggregate amount thereof being stated as $18,385. Whether portions of such pledges had been paid, or otherwise liquidated, does not appear.

On the hearing of the matter before the court Johnson Printing, Inc., contended that said pledges constituted assets of the corporation, that they might have been enforced accordingly, that they inured to

the benefit of creditors, and that a receiver should be appointed for the purpose of bringing actions thereon. It further appeared from the testimony that there were no other assets, a writ of execution having been levied on office equipment, supplies, and furniture belonging to the corporation and located in the city of Marquette, and a sale thereof having been duly conducted. Counsel representing the corporation contended that the pledges were not assets from which Johnson Printing, Inc., or other creditors, could be paid, that they were designed for the assistance of the industrial department or division of the corporation, and that the indebtedness as assessed had been created by the tourist and travel division. It was insisted, in consequence, that as a practical proposition there were no assets of the corporation that a receiver could recover for the benefit of the judgment creditor, or the other creditors.

The trial judge apparently agreed with the claim of counsel for the corporation, saying in part at the conclusion of the hearing:

"Yes, there has been no proof of any contract even though there have been pledge cards. Pledge cards are for different things and we are all familiar with them and as a general rule nobody ever pursues them too far. If the alleged donor gets into financial difficulties, they usually forget it. There is nobody pressing them for payment or attempting to enforce the thing. Even this type here I don't think constitutes any contract at all."

The court further remarked:

"Well, it's apparent that this organization, the Upper Peninsula Development Bureau, the quicker it can be wound up the better off other organizations are going to be which assist in the development of tourist and resort trade in the Upper Peninsula of Michigan. Testimony has shown already that their

work in this field and the other organizations has been hampered tremendously because of these suits that have been hanging over their heads.   It is unfortunate that your client, Mr. Quinnell, has such a large sum of money due and owing.   It certainly was not his fault, but under the circumstances I must grant the petition to dissolve the corporation and refuse the petition for receivership."

In accordance with the conclusion reached an order was entered for the dissolution of the corporation, reciting that:

"All assets of said corporation have been sold or garnisheed and applied on the obligation owing to defendant intervening creditor, Johnson Printing, Inc."

Said order further declared that the appointment of a receiver was not necessary and that the perpetuation of the corporation was impractical.   A motion for rehearing submitted by Johnson Printing, Inc., was denied, and the order entered has been appealed to this Court.

By stipulation of counsel a blank form used in obtaining the pledges referred to was introduced in evidence and has been returned to this Court as a part of the original record.   It reads as follows:

: "Record Card—Property of Development Bureau
—Industrial Division

No ...............

Date ........ 195..

In consideration of the subscription and gift of
others, I/we hereby subscribe for membership in
the Upper Peninsula Development Bureau—Indus-
trial Division in the amount of ................

.......... $........ per annum for a period of 5
years effective November 1, 1955, and promise to pay
such annual dues in advance to the *Upper Peninsula
Development Bureau—Industrial Division,* Mar-
quette, Michigan in the following manner:

☐ Annually   ☐ Semi-Annually   ☐ Quarterly
as follows:

........................................
........................................

........................

Name of Subscriber

| Amount paid herewith |
| $................... |

........................
Signature

........................
Name Typed     Title

Make checks payable to
Upper Peninsula De-
velopment Bureau—
Industrial Division,
Harlow Building,
Marquette, Mich."

It will be noted that the form of pledge used
recited the consideration as based on "the subscrip-
tion and gift of others." This Court has recognized
the rule that mutual promises between subscribers
of pledges for a lawful purpose will constitute a con-
sideration therefor. The case of *Waters* v. *Union
Trust Co.,* 129 Mich 640, involved an attempt to col-
lect a subscription to a church building fund. In
upholding the claim that there was a sufficient con-
sideration to support the pledge, it was said:

"The principal question in the case is whether, at the time of Mr. Parke's death, his subscription amounted to a contract upon a sufficient consideration, or was a mere revocable offer.   Where subscribers to an object such as this all sign the same agreement, upon the same paper, it is not necessary to prove that the contested subscription was an inducement to others to subscribe and pay their money, or that they subscribed and paid in reliance upon it. That fact is presumed.   As was said by Mr. Justice Christiancy in *Comstock* v. *Howd,* 15 Mich 237, 244:

" 'None of them would be so likely to subscribe or pay, but for this reliance [upon the payment to be made by each of the other subscribers], as without it they would not expect the attainment of the common object.'

"See, also, *Underwood* v. *Waldron,* 12 Mich 73; *Allen* v. *Duffie,* 43 Mich 1 (38 Am Rep 159) ; *Conrad* v. *La Rue,* 52 Mich 83; *First Universalist Church* v. *Pungs,* 126 Mich 670.

"In the present case it seems to us that there is as much reason to presume that those subscribers who knew of Mr. Parke's subscription made their subscriptions in reliance upon the performance of his promise as in reliance upon the subscriptions of those who signed the same paper with them.   It is contended that, because his was the only conditional subscription, the other subscriptions were not made in reliance upon his, they being payable regardless of whether his subscription should become binding or not.   But we think Mr. Justice Christiancy's language, above quoted, aptly expresses what is meant by a subscription in reliance upon the subscription of another.   Without Mr. Parke's subscription, and without the performance of the condition upon which it depended, the other subscribers could not expect the attainment of the common object."

See, also, *Better Business Bureau of Detroit, Inc.,* v. *First National Bank,* 296 Mich 513; *Buell* v. *Orion State Bank,* 327 Mich 43, 55, and prior decisions there cited.

The record before us does not disclose whether any of the pledges made were paid, in part or wholly. Presumably such was the fact in view of the claim that the industrial division of the corporation had no indebtedness. As above noted, the dissolution order entered by the trial court suggested that garnishment proceedings had been instituted but whether such proceedings involved any of these pledges is a matter not disclosed by the record.

Under prior decisions in this State it would appear that the pledges were valid obligations owing to the corporation for whose assistance and support they were made, and that payments that fell due prior to the institution of dissolution proceedings might have been collected on behalf of the corporation. The obvious situation is that no conclusion as to the present status of these pledges can be made on the basis of the limited showing in this record with reference thereto. Whether the pledgors, or any of them, might assert valid defenses in an action to recover is a matter of conjecture only. While the situation that has been brought about is unfortunate, as the trial court suggested, from the standpoint of the development of the tourist business and industry generally in the Upper Peninsula of Michigan, the fact remains that the rights of creditors may not be overlooked. In the ordinary situation involving such rights in case of a corporate dissolution a receiver would undoubtedly be appointed for the benefit of the creditors. Had these pledges been paid during the period of operation of the corporation they would have inured to the benefit thereof, and parties extending credit to the corporation might properly have relied thereon.

The situation here is unusual. Admittedly the corporation is wholly without assets other than the alleged choses in action on which, appellant claims, a receiver should be appointed to institute suits.

Such a receiver would obviously find himself wholly without funds with which to proceed, and the obtaining of such funds may well be regarded as doubtful. The court might have some difficulty in inducing a responsible person or corporation to act as receiver in view of the problems involved. The appellant has suggested no practical solution of the question as to the course of procedure that should be followed. Rather, its position is that it is entitled to a receiver who must necessarily bear the burden of recovering on the pledges if such recovery is possible.

We think the judgment creditor should be given an opportunity to enforce its judgment, presumably rendered in its favor for work performed by it, and to that end the order should be amended by including therein a provision that said order should not be construed as barring the right of appellant to attempt collection of its judgment, or the balance due thereon, by garnishment proceedings instituted against the parties claimed to be liable on said pledges. To the end that other creditors may have the benefit of a like privilege the order should be amended by postponing the final date of dissolution of the corporation for a period of 60 days from and after the remand of this case to the circuit court, to enable such creditors as desire to do so to institute actions against the corporation, with ancillary garnishment proceedings based on said pledges. Whether such proceedings may be expedited by assignment of claims for the purposes of suit must necessarily be determined by the creditors.

The case will be remanded to the circuit court for modification of the decree in accordance with this opinion. No costs are allowed, counsel for the corporation not having filed a brief.

DETHMERS, C. J., and KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.