Dewey, Appellant, vs. Davis, Receiver, Respondent.
Dewey, Respondent, vs. Davis, Receiver, Appellant.

*May 9 — June 15, 1892.*

*Mutual insurance companies: Insolvency: Return of unearned premiums: Assessments.*

1. A policy in a mutual insurance company contained stipulations for the return of unearned premiums only in case the policy was canceled at the request of the insured (as provided in sec. 1946*d*, S. & B. Ann. Stats.), or in case the company canceled the policy as authorized by its by-laws. *Held*, that the insured was not entitled to any unearned premium when his insurance was terminated by the insolvency of the company and the appointment of a receiver.

2. Premium notes in the hands of the receiver of an insolvent mutual insurance company cannot be assessed to pay unearned premiums.

APPEALS from the Circuit Court for *Winnebago* County.

This proceeding grows out of the insolvency of the Oshkosh Mutual Fire Insurance Company, and an action in the circuit court to wind up its affairs, in which action the defendant, *Davis*, was appointed receiver of the insolvent company. The history of that company is sufficiently stated in an opinion, filed herewith, in several appeals from judgments in actions brought by the receiver to recover an assessment upon the premium and deposit notes which came to the hands of the receiver. *Ante*, p. 488. It is unnecessary to repeat that history here.

This proceeding is a claim presented by the plaintiff against the receiver for unearned premiums on certain policies of insurance theretofore issued by the insolvent company, and which were canceled by the failure of the company and the appointment of the receiver. Two of these policies were issued on what is called the "cash plan;" that is, the insured paid the full premium in cash when the policies were issued. The other policy was on the mutual plan, a premium note having been given. One of the cash policies was issued when the original by-laws of the company were in force, and the other after the by-laws were amended in October, 1888. The circuit court held that the plaintiff was entitled to the unearned premium on the cash policy first issued, and was not entitled thereto on either of the other policies. The receiver appeals from the order directing him to pay such unearned premium on the first cash policy, and the plaintiff appeals from the order refusing to direct the receiver to pay the unearned premium on the other two policies.

For the plaintiff there was a brief signed by *Thompson & Davidson*, of counsel, and oral argument by *A. E. Thompson*.

For the defendant there was a brief by *Finch & Barber*, and oral argument by *Charles Barber*. To the point that

upon the appointment of a receiver all policies became can-
celed by operation of law and all liabilities of the company
ceased and terminated, they cited *Doane v. Millville Ins.
Co.* 43 N. J. Eq. 525; *Comm. v. Mass. M. F. Ins. Co.* 119
Mass. 45; *Dean & Son's Appeal,* 98 Pa. St. 101; *Taylor v.
North Star M. Ins. Co.* 46 Minn. 198.

There was also a brief by *Phillips & Kleist* for "divers
mutual policy holders," and oral argument by *M. C. Phil-
lips.*

LYON, C. J.   In the actions by the receiver to recover
the forty per cent. assessment on the premium notes which
came to his hands, we hold that the Oshkosh Mutual Fire
Insurance Company is what its name imports, a mutual in-
surance company, and nothing else, and hence that each
policy holder in the company is a member thereof and sub-
ject to all the incidents which result from such member-
ship, whether the premium be paid in cash or a premium
note given therefor.   Such being the relation of the policy
holders to the company and to each other, it is entirely
clear that each member is bound by the laws which control
the organization and operation of the company, and can
assert no rights against the company or its members unless
the same are given by such laws.

No right to recover an unearned premium on the ter-
mination of a policy is given by statute, except it is pro-
vided in sec. 1946d, S. & B. Ann. Stats., that at the request
of the insured the company shall cancel the policy and re-
turn the unearned premium.   Art. XV of the by-laws gives
the company the right to cancel any policy, and requires
it, in case it does so, to return the unearned premium.   The
policies in these cases contain stipulations for a return of
unearned premiums in the cases above mentioned, and in
those only.   The plaintiff is not entitled to any unearned
premium, unless he has brought himself within the above

Dewey vs. Davis.

provisions. Certainly he has not done so. His policies were not canceled at his request, neither were they canceled by the company, but by operation of law. Both the company and the plaintiff were passive, and the action of the court, and that alone, worked the cancellation thereof.

There is another reason equally as conclusive why the plaintiff cannot recover such unearned premium. The premium notes constitute the only fund in the hands of the receiver out of which to pay claims against the insolvent company, and we are aware of no law which authorizes an assessment of those notes to pay unearned premiums on policies, whether the premium was paid in cash or by note. The statute only authorizes assessments to pay losses and expenses accruing during the period of the insurance. As was said by the supreme court of Massachusetts in considering a statute similar to ours in the case of *Comm. v. Massachusetts M. F. Ins. Co.* 119 Mass. 45: "The liability to assessment is measured by the amount of the just claims for losses for which the company is then responsible. Neither this nor any other provision of the rules or of the contract authorizes an assessment for the purpose of paying the value of unexpired policies or unearned premiums." See, also, *Comm. v. Massachusetts M. F. Ins. Co.* 112 Mass. 116; *Vanatta v. N. J. M. L. Ins. Co.* 31 N. J. Eq. 15; *Sinnissippi Ins. Co. v. Taft,* 26 Ind. 240; *Mayer v. Attorney General,* 32 N. J. Eq. 15; *State ex rel. Atty. Gen. v. Manufacturers' M. F. Ins. Co.* 91 Mo. 311; *Great Falls M. F. Ins. Co. v. Harvey,* 45 N. H. 292. The above cases are cited by Mr. Sutherland, on the question under consideration, in his brief in *Atlas Paper Co. v. Seamans, post,* p. 504, decided herewith, They sustain, more or less pointedly, the rule above stated.

*By the Court.*— The order appealed from is reversed on the appeal of the receiver, and affirmed on plaintiff's appeal, with directions to the circuit court to disallow all of the claims.