The Detroit Manufacturers' Mutual Fire Insurance Company v. George H. Merrill and George Lewis.

*Mutual fire insurance—Assessments—Losses and expenses— Unearned premiums—Withdrawal of members.*

1. Policy-holders in manufacturers' mutual fire insurance companies organized under 3 How. Stat. chap. 134a, are liable only for losses occurring during the lifetime of their policies.

2. A policy-holder who contracts to pay assessments for the losses and expenses of the company cannot be assessed to pay unearned premiums.

3. Each member of the company makes a contract, not only with the corporation itself, but with each member thereof, and the corporation possesses no power to release policy-holders from the liability for losses and expenses which they assumed by their membership.

Error to Bay.  (Cobb, J.)  Argued June 23, 1894. Decided July 5, 1894.

*Assumpsit.*  Defendants bring error.  Reversed, and judgment entered in this Court for defendants.  The facts are stated in the opinion.

*Simonson, Gillett & Courtright (John L. Stoddard,* of counsel), for appellants.

*Bowen, Douglas & Whiting,* for plaintiff.

GRANT, J. Plaintiff is a corporation organized under Act No. 78, Laws of 1883 (3 How. Stat. chap. 134a). May 24, 1890, a policy was issued to the defendants, who gave their note for the premium, which reads as follows:

"$324.00. DETROIT, MICH., May 24, 1890.

"In consideration of policy No. 1,023, dated the 24th day of May, 1890, we promise to pay the Detroit Manufacturers' Mutual Fire Insurance Co. the sum of $324, by installments, at such time as the directors of said company may order and assess, for the losses and expenses of said company, pursuant to its charter and by-laws. It is hereby expressly understood and agreed that this note is not transferable, and that there is no liability beyond the face amount thereof.

"G. H. MERRILL & Co."

Two installments were paid, amounting to $64.80 each. November 11, 1891, the board of directors made an assessment of 40 per cent. on the face value of the premium or deposit notes then outstanding. The total sum thus assessed upon the policy-holders was $28,237.16. Defendants' assessment was $109. The court directed a verdict for the plaintiff, but gave no reason therefor, except to say that the assessment was valid. Plaintiff has filed no brief in this Court, and its counsel announced that they did not desire to, thus virtually confessing error.

The assessment cannot be sustained, for the following reasons:

1. The assessment includes losses, amounting to $4,000, which occurred prior to the date of the defendants' policy. In companies organized under this and similar laws, the policy-holder is liable only for losses occurring during the lifetime of his policy. *Wardle v. Townsend*, 75 Mich. 395; *Insurance Co. v. Houghton*, 6 Gray, 77; *Insurance Co. v. Hartshorne*, 90 Penn. St. 465; *Evarts v. Association*, 16 N. Y. Supp. 27; Wood, Ins. § 541.

2. A large proportion of the assessment was for the purpose of paying unearned or return premiums. Defendants

did not contract to pay any unearned premiums, but only losses and expenses. *Dewey v. Davis,* 82 Wis. 500, and the authorities there cited.

3. Members were allowed to surrender their policies, and withdraw from the company, and were not included in this assessment. The corporation possessed no power to release policy-holders from the liability for losses and expenses which they assumed by their membership. In such mutual companies, each member makes a contract, not only with the corporation itself, but with each member thereof. *Conrad v. La Rue,* 52 Mich. 83, and the cases there cited.

No other questions need be discussed.

Judgment reversed, and entered in this Court for the defendants, with the costs of both courts.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.