JAMES B. SWING, Trustee, v. H. C. AKELEY LUMBER COMPANY.[1]

Aug. 14, 1895.

Nos. 9329—(198).

**Mutual Fire Insurance Company—Assessment.**

    If a member of a mutual insurance company is assessed on his premium note for losses incurred at a time when he was not a member, or if other members liable to be assessed with him for losses are knowingly omitted from the assessment, it is voidable as to him.

**Same—Arbitrary Assessment.**

    Evidence considered, and *held* to sustain the finding and conclusion of the trial court, to the effect that the assessment, made in this case by the plaintiff, as trustee of an insolvent mutual insurance company, upon the premium note of the defendant, was arbitrary, unjust, and void.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial. Affirmed.

*Walter C. Tiffany*, for appellant.

The assessment was legal, just and equal. Plaintiff need not prove all the facts on which he allowed the losses for which the as-

---

[1] Reported in 64 N. W. 97.

sessment is made. He need only show that sufficient claims for losses have been presented, which he allowed, to make up the sum for which he assessed the notes. The determination of the company, or, when it is insolvent, of its receiver, in receiving and allowing claims for losses, and the determination of the company, or of its receiver, in allowing such claims are prima facie binding on its members. Sands v. Hill, 42 Barb. 651. There being no evidence that the assessment is excessive, it is valid and binding. Lehigh Valley Ins. Co. v. Dryfoos (Pa. Supreme Ct., April, 1887) 9 Atl. 262; Susquehanna Ins. Co. v. Gackenbach, 115 Pa. St. 492, 19 W. N. C. 287, and 9 Atl. 90; People's Ins. Co. v. Babbitt, 7 Allen, 235. Defendant did not allege as a defense that a proper assessment was not made. If he intended to rely on such defense, he must have alleged and proved that the assessment was grossly excessive and that it did not require the assessment of such amount to pay the losses. Rheinhart v. Allegheny Ins. Co., 1 Pa. St. 359; White v. Ross, 15 Abb. Pr. 66; New England Ins. Co. v. Belknap, 9 Cush. 140; Buckley v. Columbia Ins. Co., 83 Pa. St. 298. The receiver may assess a sufficient sum in the first instance to pay all liabilities and expenses, and in ascertaining such amount he is invested with a liberal discretion, which will not be interfered with unless abused. May, Ins. § 559; People's Ins. Co., Petitioners, 9 Allen, 319; Wardle v. Townsend, 75 Mich. 385, 42 N. W. 950; Jones v. Sisson, 6 Gray, 288; People's Ins. Co. v. Babbitt, supra; Susquehanna Ins. Co. v. Gackenbach, 115 Pa. St. 492, 9 Atl. 90; Com. v. Dorchester Ins. Co., 112 Mass. 146; Buckley v. Columbia Ins. Co., 92 Pa. St. 501. The question is not as to the amount of the assessment being excessive, but solely as to the amount realizable by the trustee as the proceeds of the assessment. Even if the assessment was arbitrary, unjust, unequal and excessive, plaintiff can recover, since he is trustee of the creditors and stockholders and holds all assets for them. Com. v. Massachusetts Ins. Co., 119 Mass. 45; People's Ins. Co. v. Groff, 154 Pa. St. 200, 26 Atl. 63. The assessment did not require confirmation by the court. Shaughnessy v. Rensselaer Ins. Co., 21 Barb. 605; Sands v. Hill, supra; Cooper v. Shaver, 41 Barb. 151. Evidence that premium notes had been canceled prior to the appointment of the trustee was improper. Davis v. Parcher, 82 Wis. 488, 52 N. W. 771.

*James A. Kellogg*, for respondent.

An assessment without regard to the just proportions of loss incurred during the life of the policies or to the amount paid thereon, though not requiring more than the face of the note, is unequal and invalid. Davis v. Parcher, 82 Wis. 488, 52 N. W. 771; State v. Monitor Fire Ass'n, 42 Ohio St. 555; York Co. Ins. Co. v. Turner, 53 Me. 225; People's Ins. Co. v. Hartshorne, 90 Pa. St. 465; American Ins. Co. v. Pressell, 78 Ind. 442; American Ins. Co. v. Schmidt, 19 Iowa, 502. If the money received was applied to payment of previous losses or liabilities, plaintiff cannot recover. Koehler v. Beeber, 122 Pa. St. 291, 16 Atl. 354; Insurance Co. v. Brecheisen, 50 Ohio St. 542, 35 N. E. 53; State v. Monitor Fire Ass'n, supra. An annual deposit is but another name for an annual premium. Detroit Ins. Co. v. Merrill, 101 Mich. 393, 59 N. W. 661; York Co. Ins. Co. v. Turner, supra; People's Ins. Co. v. Hartshorne, supra; Davis v. Parcher, supra; Great Western Tel. Co. v. Burnham, 79 Wis. 47, 47 N. W. 373; Bowen v. Kuehn, 79 Wis. 53, 47 N. W. 374; American Ins. Co. v. Pressell, supra; Sunbury Ins. Co. v. Humble, 100 Pa. St. 495.

START, C. J.[2]    The Union Mutual Fire Insurance Company, a corporation organized, under the laws of the state of Ohio, for the purpose of doing a mutual fire insurance business throughout the United States, on October 1, 1889, at Minneapolis, in this state, executed and delivered to the defendant its policy of insurance, dated on that day, and thereby undertook to insure the defendant against losses on its property there situated, in the sum of $10,000, for the term of five years. In consideration of such policy, and as a part of the same transaction, the defendant executed to such insurance company its premium note in the sum of $1,250, and then paid on such note the sum of $250, which was indorsed thereon. Such note was payable in such instalments and at such times as the directors of the insurance company might assess and order for the losses and expenses incurred by it, pursuant to its charter and by-laws. The policy contained a provision to the effect that the assured might surrender and have the policy canceled, on giving five days' notice of cancellation, and have the unearned portion of the premium re-

2 Buck, J., took no part.

turned. The statute of Ohio under which such insurance company was organized provides that the premium note, on a cancellation of a policy in a mutual insurance company, shall be returned; but the assured must first pay his proportion of all losses which have actually occurred up to the date when the policy is received for cancellation. The defendant, on October 18, 1890, paid upon such note the further sum of $250, and on December 3, 1890, it surrendered its policy for cancellation; and it was so cancelled and entered of record by such insurance company, and the defendant credited on its books with the unearned premium supposed to be due on the policy; but the premium note was not returned.

On December 18, 1890, the insurance company was adjudged insolvent by the supreme court of the state of Ohio, and James B. Swing, the plaintiff herein, was appointed trustee by such court, to collect its assets and wind up its affairs. He accepted and qualified as such trustee, and was authorized by such court to levy a proper assessment on the premium notes held by the company and coming to the hands of the trustee, sufficient to meet the liabilities of the company and the reasonable expenses of winding up its affairs. Thereupon, the plaintiff, claiming to have assessed the premium note of the defendant for the sum of $750 (the full face amount thereof, less the payments), and payment thereof having been by defendant refused, brought this action to recover the same.

He alleged in his complaint, among other things, that such insurance company was duly authorized, under the laws of the state of Ohio, to transact its business throughout the United States, and duly authorized, under the laws of the state of Minnesota, to transact therein a mutual fire insurance business, and that he duly levied and made such assessment upon the defendant's note. The defendant denied these allegations, by its answer, and alleged that it surrendered its policy, which was canceled by the insurance company, and credit given to it on the books of the company. The cause was tried by the court, without a jury, which found, among other things, that the insurance company was not qualified to do a mutual fire insurance business in this state, for the reason that it was not fully organized and did not have the capital required by the laws of this state; that the only act performed by the plaintiff in reference to making an assessment, after the order of the court so to do, was

to send notices to the maker of each premium note that he had been assessed to the full amount due on his note; that no assessment was ever confirmed by the court, and that the supposed assessment in this case was arbitrary, unjust, and unequal; that the defendant had surrendered its policy, and was entitled to a surrender of its premium note before the plaintiff was appointed such trustee. Judgment was ordered for the defendant, and, from an order denying his motion for a new trial, the plaintiff appealed.

The principal contention of the plaintiff is that the findings and conclusions of the trial court are not justified by the evidence. It is unnecessary to consider in detail the several assignments of error; for we are of the opinion that the finding and conclusion of the court as to the assessment of the defendant's premium note are fully sustained by the evidence, and no other question in the case will be discussed or decided.

The plaintiff makes the point that the defendant has not specially pleaded the invalidity of the assessment. The complaint alleges that the plaintiff, as trustee, duly levied an assessment upon the defendant's premium note for the amount for which it was liable. This is denied by the answer. The burden was upon the plaintiff to establish this allegation. He was only authorized by the court appointing him to make a proper assessment, and the amount thereof was never determined by the court, and the supposed assessment was never confirmed by the court; hence there are no presumptions in favor of it, and the burden was upon the plaintiff to prove that it was duly and equitably made. Atlantic Ins. Co. v. Fitzpatrick, 2 Gray, 279; People's Ins. Co. v. Arthur, 7 Gray, 267; Pacific Ins. Co. v. Guse, 49 Mo. 329. The burden being upon the plaintiff to establish the assessment, the objections by him to the evidence, as to its fairness, were properly overruled.

The essential principle upon which mutual insurance companies are based is that each member will pay his proportionate share of the losses incurred during the time of his membership, and that he shall not be required to pay any greater amount thereof than his pro rata share; and any assessment which violates this principle cannot be enforced against him. If a member is assessed for losses incurred at a time when he was not a member of the company, or if other members liable to be assessed with him are knowingly

omitted from the assessment, it is, as to him, voidable.    Marble-head Ins. Co. v. Hayward, 3 Gray, 208; People's Ins. Co. v. Harts-horne, 90 Pa. St. 465; Detroit Ins. Co. v. Merrill, 101 Mich. 393, 59 N. W. 661.    The assessment in question violates this principle in both particulars.

The evidence shows that the defendant was assessed (if there ever was an assessment) for losses amounting to $6,961.29, sus-tained by the insurance company before the defendant became a member of it on October 1, 1889, and for losses in the sum of $7,-771.80, incurred after he ceased to be such member by the cancella-tion of his policy on December 3, 1890.    It further appears from the evidence that, during the month of November, 1890, some 64 policies were canceled by the company, for which it then held pre-mium notes amounting, in the aggregate, to more than $15,000, which were then surrendered and were not assessed, although there then remained unpaid a large amount of losses incurred during the time the makers thereof were members of the company, and for the payment of which the assessment in question was in part made. Under the statute of Ohio which we have referred to, the makers of these premium notes were liable to pay their proportion of all losses that occurred while they were members of the company, up to the day of the cancellation of their policies.    Such makers, al-though their policies had been canceled, continued liable for such losses to the same extent as the defendant did after its policy was canceled; and the officers of the company had no power to release them from the obligation, without payment.    It is quite apparent from the evidence, notwithstanding the diffusive and evasive tes-timony of the secretary of the company on this point, that the members here referred to did not pay their full pro rata share of the losses incurred during their membership.    To assess the de-fendant for their share of such losses is so inequitable as to ren-der the assessment voidable as to the defendant; for the mere fact that their notes were surrendered when their policies were can-celed, and the defendant's was not, does not affect the equities of the case, or change their liability.    In addition to these premium notes, amounting to some $15,000, like notes, amounting to some $30,000, making a total of $45,000, were surrendered, upon the can-cellation of the policies, during the months of October and Novem-

ber, 1890, none of which were shown to have paid a proportionate share of the losses incurred during the time the policies were in force.

It is clear, from the evidence, that the assessment in question was an arbitrary one. It seems to have been made for the full amount of all the premium notes coming to the hands of the trustee, without reference to the just proportion of the losses and expenses which were sustained and incurred during the life of each policy, or, as found by the trial court, the only act done by the trustee, in reference to making the supposed assessment, was to make and send to the maker of each premium note a notice that he had been assessed the full amount due on his note.

The additional findings requested by the plaintiff were properly denied, for the reason that they were either not justified by the evidence, or were mere statements of the evidence, and not of the ultimate facts.

Order affirmed.