ARTHUR D. HILL, receiver, *vs.* JAMES E. BAKER.

SAME *vs.* DONNELL & McKOWN.

SAME *vs.* WILLIAM R. WING.

SAME *vs.* RIVER PLATE SHIPPING COMPANY, LIMITED.

SAME *vs.* BENJAMIN W. HODSDON.

THORNTON K. LOTHROP, JR., *vs.* ARTHUR D. HILL, receiver.

Suffolk, Essex.   January 18, 19, 1910. — February 25, 1910.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Insurance,* Marine, Mutual.  *Receiver.*

In an action by the receiver of the property of a mutual marine insurance company, appointed under St. 1907, c. 576, § 8, to settle its affairs, brought upon a promissory note given by a policy holder for an insurance premium covering the whole term of the policy, only a portion of which had expired when the insurance company was enjoined from doing business and the plaintiff was appointed the receiver of its property, it appeared that the policy described the insured as a member of the company, and that the company was created by a special charter by which it was authorized to make "insurance against maritime losses on the mutual principle, with all the powers and privileges, and subject to all the duties, liabilities, and restrictions, set forth in the thirty-seventh and forty-fourth chapters of the Revised Statutes, and all subsequent laws in force relating to mutual insurance companies, so far as applicable to" it, that the by-laws of the company provided that all persons who had property insured with it should be members of the company during the period of such insurance and should have votes accordingly, that the by-laws also provided for the division of profits among policy holders upon terminated risks, and that the policy provided that when a loss occurred the amount of any unpaid premium note without discount was to be deducted from the amount which the insured was entitled to receive. *Held,* that under the general rule applying to mutual insurance companies there was no liability on the part of the company for failing to continue the performance of its agreement when such performance had been made impossible by the action of the Commonwealth under existing laws, and that the premium for which the note was given was due absolutely upon the issuing of the policy and with other like premiums constituted a fund for the payment of losses, so that the plaintiff was entitled to recover the amount of the note in full.

In an action by the receiver of the property of a mutual marine insurance company, appointed under St. 1907, c. 576, § 8, to settle its affairs, brought upon a promissory note given by a policy holder for an insurance premium covering the whole term of the policy, only a portion of which had expired when the insurance company was enjoined from doing business and the plaintiff was appointed the receiver of its property, it appeared that the plaintiff was appointed temporary receiver on March 19 of a certain year and was made permanent receiver on March 27 of the same year, that on March 14 of the same year the defendant sent his policy to the company for cancellation, and that on March 16 the president of the company wrote in reply that the policy was cancelled as requested.  There was no intima-

tion that this was not done in good faith on both sides in ignorance of the insolvency of the company, and the facts were such that this ignorance was possible even in case of the president of the company. The date of the filing of the bill on which the receivership was granted did not appear. *Held,* that the court must take the date of the appointment of the receiver as fixing the rights of the parties, and must treat the policy as having been cancelled when the president sent his letter saying that it was cancelled, and accordingly that the defendant was entitled to have a proper deduction made from the amount of the note for the period after March 16 when the surrender of his policy had been accepted.

In an action by the receiver of the property of a mutual marine insurance company, appointed under St. 1907, c. 576, § 8, to settle its affairs, brought upon a promissory note given by a policy holder for a premium for insurance upon a bark wherever she might go upon a whaling voyage during two years, of which less than one year had expired when the insurance company was enjoined from doing business and the plaintiff was appointed the receiver of its property, the policy provided that the premium should be "sixteen per cent for two years, to return for months not entered upon if no loss is claimed, warranting 12%." The policy contained the following provision: "If on a passage at the expiration of the term, and the company receives on or before that time a written request from the assured (but not otherwise), this insurance shall continue until noon of the day after arrival at first port of discharge . . . the assured paying pro rata monthly premium for each month entered upon." *Held,* that the provision that the premium should be returned for months not entered upon did not give the policy the character of an open one, under which the insurer could be held only for such risks as subsequently were assumed and indorsed upon the policy, but that here the term of insurance had been entered upon and would continue to run until the termination of the voyage or of the period of two years or until arrival at a port of discharge after an extension of that period by a written request.

SIX ACTIONS OF CONTRACT, the first five by the receiver appointed by a decree of the Supreme Judicial Court under St. 1907, c. 576, § 8, of the property of the China Mutual Insurance Company, a corporation created by St. 1853, c. 262, which was extended by St. 1875, c. 34, brought upon five several promissory notes given for marine insurance premiums by policy holders of that company, and the sixth action by a policy holder against the receiver for a part of a premium which had been paid by him and was alleged to have been unearned when his policy was · cancelled by the decree of the Supreme Judicial Court perpetually enjoining the company from further proceeding with its business. Writs in the first and second actions in the Municipal Court of the City of Boston dated respectively November 3 and November 10, 1908, these cases afterwards coming by appeal to the Superior Court; writs in the third and fourth actions in the Superior Court for the county of Suffolk dated respectively April 16, 1908, and September 15,

1909; writ in the fifth action in the Superior Court for the county of Essex dated October 7, 1908, and writ in the sixth action in the Superior Court for the county of Suffolk dated January 12, 1909.

In the Superior Court by agreement of the parties the cases came on to be tried together before *Pierce,* J., without a jury. In accordance with an agreement of the parties the judge found for the defendants in the first five cases, and in the sixth case found for the plaintiff, and reported the cases for determination of the full court. If his rulings were correct, judgments were to be entered for the defendants without costs in the first five cases, and in the sixth case for the plaintiff in the sum of $17.50, without costs; otherwise, such judgments were to be entered as law and the facts required.

The policy in the case against Wing began as follows:

" By the China Mutual Insurance Company. Incorporated April 30, 1853. William R. Wing a member of said Co. on account of whom it concerns.

" In case of loss to be paid to him do make insurance, and cause to be insured, lost or not lost

" One thousand dollars on Bark Alice Knowles, at and from April 3rd 1907 at noon, to continue wherever she may go on a whaling voyage, with all the usual privileges, until April 3rd 1909 at noon. Prohibited from the Arctic Ocean, Hudson Bay and Cumberland Inlet.

" If on a passage at the expiration of the term, and the Company receives on or before that time a written request from the assured (but not otherwise), this insurance shall continue until noon of the day after arrival at first port of discharge; or, if the vessel has no cargo on board, then until noon of the day after arrival at the first port at which the said vessel may arrive and be moored twenty-four hours in safety, and no longer, either on hull or freight, the assured paying pro rata monthly premium for each month entered upon. If insured for a special voyage, this insurance shall continue only until the vessel shall be arrived and moored twenty-four hours (or the number of days, if any, specified in port), counting from noon of the day of arrival and on freight until landed."

The provision concerning the premium was as follows:

" The consideration for this insurance is hereby fixed at the rate sixteen per cent for two years, to return for months not entered upon if no loss is claimed, warranting 12%.

" To add one quarter per cent per month for each month entered upon after ninety days while lying in any port or anchorage."

A memorandum in the margin of the policy stated that the sum insured was $1,000, that the vessel was valued at $14,000 including premium, and that the premium was $160.

*A. D. Hill,* (*F. H. Nesmith & A. G. Gill* with him,) for the receiver of the China Mutual Insurance Company.

*C. W. Clifford,* for the defendants in the first five cases and for the plaintiff in the sixth case.

SHELDON, J.    When a mutual fire insurance company has become insolvent and a receiver has been appointed to settle its affairs under St. 1907, c. 576,. § 8, its outstanding policies cease to afford any protection to their holders, being cancelled as to any future losses, but the premiums which have been paid, for future as well as past protection, and the contingent liability to assessment upon premium notes which have been given by the policy holders remain as a fund for the payment of all the debts and liabilities of the company, including losses that have been incurred. *Commonwealth* v. *Massachusetts Mutual Fire Ins. Co.* 119 Mass. 45; *S. C.* 112 Mass. 116. As was said by Wells, J., in the case last cited, " Each member is, at the same time, insurer and insured. In one aspect he is a mere holder of a policy, containing a contract of indemnity against loss by fire, with a specific and limited fund out of which that indemnity is to be made good. . . . In another aspect he is a member of the corporation, made so by the very nature of the contract, and so declared by law. . . . In this relation, he is an insurer, and is affected by another and very different class of obligations." The deprivation of the right to recover for a future loss does not of itself terminate his membership in the company and his consequent liability to contribute, to the extent of his note, to the payment of losses. *Cumings* v. *Sawyer,* 117 Mass. 30. The fundamental question in this case is whether the same rule is to be applied to the mutual marine insurance company of which the plaintiff in the first five of these actions is the receiver; whether policy holders in

that company are liable to the receiver upon their promissory notes given for insurance premiums, although the terms of the policies have not expired, and the total amounts of the premiums have not been earned, or in other words although they have not enjoyed the full benefit of the insurance for which their notes were given. This question is to be determined upon the several contracts of insurance and the statutes under which these contracts were made. *Pendergast* v. *Commercial Mutual Marine Ins. Co.* 15 Gray, 257.

In each of these cases the company has made a contract of insurance against definite risks for a fixed period and in consideration of a stipulated premium. In each case except the last the premium was paid, in whole or in part, by a note given by the insured to the company. Each policy describes the insured as a member of the company. By the charter of the company, St. 1853, c. 262, it was to make "insurance against maritime losses on the mutual principle, with all the powers and privileges, and subject to all the duties, liabilities, and restrictions, set forth in the thirty-seventh and forty-fourth chapters of the Revised Statutes, and all subsequent laws in force relating to mutual insurance companies so far as applicable to" this company. The by-laws of the company provide that all persons who have property insured with it shall be members of the company during the period of such insurance and shall have votes accordingly. And see Pub. Sts. c. 119, § 121, continued in force by R. L. c. 118, § 53, and St. 1907, c. 576, § 54. The by-laws also provide for the division of profits among policy holders upon terminated risks.

It seems clear to us that the effect of the policies under this provision of statute is that the policy holders must be treated as having taken their insurance strictly upon the mutual principle, unless there shall be found to be something in subsequent legislation to alter this. But the decisions already cited did not rest upon principles applicable only to mutual fire insurance companies. They went upon broad rules which were to be applied to all cases of mutual insurance, although modified by our statutes as to the manner of enforcing the contingent liability upon premium notes given as additional security to the company and its policy holders. Those general principles

have been applied and enforced in other States under statutes more or less similar to our own, without distinction as to the general doctrine between mutual companies, whether they issued insurance upon lives, against loss by fire, or upon marine risks. The cases as to fire insurance companies are of course more numerous. *Mygatt* v. *New York Protection Ins. Co.* 21 N. Y. 52. *Lawrence* v. *Nelson*, 21 N. Y. 158. *Doane* v. *Millville Mutual Ins. Co.* 16 Stew. 522. *Hillier* v. *Allegheny County Mutual Ins. Co.* 3 Penn. St. 470. *Dewey* v. *Davis*, 82 Wis. 500. *Taylor* v. *North Star Ins. Co.* 46 Minn. 198. But we find also decisions put upon the same grounds as to life insurance and marine insurance companies. *Hone* v. *Boyd*, 1 Sandf. 481. *Vanatta* v. *New Jersey Mutual Life Ins. Co.* 4 Stew. 15. *Mayer* v. *Attorney General*, 5 Stew. 815. The cases go on the general rule that there is no liability on the part of the insurance company for failing to continue the performance of its agreement when that performance has been made impossible by the action of the State under existing laws. *People* v. *Globe Mutual Life Ins. Co.* 91 N. Y. 174. *Baylies* v. *Fettyplace*, 7 Mass. 325. *Wade* v. *Mason*, 12 Gray, 335. *Woodward* v. *Cowing*, 13 Mass. 216. The fact that the insurance company has become insolvent, instead of being a reason against the full collection of outstanding premiums, furnishes a reason why they should be collected. *Fogg* v. *Pew*, 10 Gray, 409, 415. *Alliance Mutual Ins. Co.* v. *Swift*, 10 Cush. 433. *Lester* v. *Webb*, 5 Allen, 569. All these cases that have been referred to go upon the principle that the premiums paid or absolutely agreed to be paid by the members for their policies constitute a fund for the payment of losses; and the principle is the same whether the payment is in cash or by note, so long as the policy is issued upon the mutual principle to one who by accepting the insurance becomes a member of the insurance company. *State* v. *Manufacturer's Mutual Fire Ins. Co.* 91 Mo. 311. *Ohio Mutual Ins. Co.* v. *Marietta Woolen Factory*, 3 Ohio St. 348. *Hart* v. *Achilles*, 28 Barb. 576. *White* v. *Havens*, 20 How. Pr. 177.

We find nothing to alter the general principle in the legislation which followed the charter of this company. The definition of the " net assets " of a mutual marine insurance company in R. L. c. 118, § 1, St. 1907, c. 576, § 1, can have no such effect. We have been referred to no statute giving the right

to the return of any part of a premium or to an allowance of
any part of a note given for a premium in a case like this ; and
we find no such statute.   No such right is created by the stipu-
lations of the policies or the by-laws of the company.   The
notes were given in payment of premiums absolutely due;
they were to be paid in full, either in money or by the appli-
cation of anticipated profits ; each policy holder was a member
of the company..   The members were not to be sure to be as-
sessed like policy holders in a mutual fire insurance company, for
the very reason that it was expected that ultimately, in the one
way or the other, their notes would be paid.   And each policy
upon which a note was taken provides that when a loss occurs,
the amount of any unpaid premium note without discount is to
be deducted from what the insured is entitled to receive.   This
shows the understanding of both parties that the premium
note was absolutely payable.   The language of Pub. Sts.
c. 119, § 128, still in force as we have already seen, points in
the same direction.

We cannot accede to the contention made for the policy
holders that this company was not a mutual company.

It follows that in the action of Lothrop judgment must be
entered for the defendant.   In the cases against Baker and
Donnell respectively, the plaintiff is entitled to judgment.

In the action against the River Plate Shipping Company, the
policy was sent to the company on March 14, 1908, for cancella-
tion, and on March 16 the president of the company wrote in
reply that the policy was cancelled as requested.   The plaintiff
was appointed temporary receiver of the company on March 19,
and permanent receiver on March 27, of the same year.   We
have not the date of the filing of the bill on which this was
done, and must take the date of the appointment as fixing the
rights of the parties.   *Merrill* v. *Commonwealth Fire Ins. Co.*
171 Mass. 81.   *Attorney General* v. *Massachusetts Benefit Life
Association,* 171 Mass. 193.   We are of opinion that we must
treat the policy as cancelled on the day when the president
wrote his letter saying that it was cancelled.   There is no in-
timation that this was not done in good faith on both sides in
ignorance of the insolvency, and such ignorance was possible,
even in the president of the company.   *Furber* v. *Dane,* 204

Mass. 412, 418. The case differs in this respect from *Doane* v. *Millville Mutual Ins. Co.* 16 Stew. 522. Accordingly the defendant is entitled to have a proper deduction made from the amount of its note for the period after March 16, 1908, when its policy was surrendered. *Fayette Mutual Fire Ins. Co.* v. *Fuller*, 8 Allen, 27. In this case there must be a new trial.

In the case against Hodsdon, the insured requested on March 26, 1908, that the policy be cancelled. This was after the appointment of the receiver, who answered that the matter would have his attention. But the rights of the parties had already been fixed. The plaintiff is entitled to judgment.

In Wing's case the premium was agreed to be sixteen per cent for two years. But the policy provided that the premium should be returned for months not entered upon, with a warranty of twelve per cent. This is not like the case of an ordinary open policy, in which the insurer is held only for such risks as are subsequently assumed and indorsed upon the policy. If that were so, the company and the receiver in its right would be entitled in an action like this to recover the amount only of the premiums upon such risks as had been so assumed. *Maine Ins. Co.* v. *Stockwell*, 67 Maine, 382. *Elwell* v. *Crocker*, 4 Bosw. 22. But under this policy the term of insurance had been entered upon, and it would continue to run until stopped by a written request from the insured. As it does not appear that any such request was made, in this case also there must be judgment for the plaintiff upon his declaration.

*Ordered accordingly.*