# MINNESOTA FARMERS MUTUAL INSURANCE COMPANY v. KATHARINA LANDKAMMER.[1]

July 3, 1914.

Nos. 18,638—(147).

**Mutual insurance — hail and cyclone — assessments.**

A mutual hail and cyclone insurance company is required to make assess-- ments for losses and expenses, upon all members liable thereto, *pro rata*, and assessments which levy a greater rate upon members in one locality than upon those in another locality are unauthorized and cannot be enforced.

Action in the district court for Hennepin county to recover $91.10. The case was tried before Olsen, J., who when plaintiff rested granted defendant's motion to dismiss the action. Plaintiff's motion for a new trial was denied. From the order denying its motion for a new trial and from the judgment of dismissal, plaintiff appealed. Affirmed.

*William N. M. Crawford,* for appellant.

*Aug. G. Erickson,* for respondent.

TAYLOR, C.

This suit was dismissed at the close of plaintiff's evidence on the ground that such evidence failed to establish a cause of action, and judgment of dismissal was duly entered. Subsequently a motion for a new trial was made and denied, and plaintiff appealed from both the judgment and the order denying the motion for a new trial.

Plaintiff, a mutual hail and cyclone insurance company, issued a policy insuring defendant against loss of growing crops by hail for five years from April 1, 1909. The by-laws provide that "each member shall be liable * * * for his *pro rata* share of all losses and expenses." This provision is in accordance with the statute which provides, in section 3414, G. S. 1913, that "every policyholder shall be liable to a ratable assessment for all losses and expenses

[1] Reported in 148 N. W. 305.

incurred while a member," and in section 3307, G. S. 1913, that the company shall make an assessment for losses and expenses "ratably upon its members liable thereto." In the present case assessments were made to pay the losses and expenses incurred in the years 1909, 1910, 1911 and 1912. In making such assessments plaintiff levied upon all policies covering crops grown upon lands lying west of range 29 one per cent more than it levied upon policies covering crops grown upon lands lying in range 29 or east thereof. Defendant did not pay the assessments upon her policy, and plaintiff brought this action to collect the same. Defendant's land lies west of range 29, and she insists that the assessments are invalid, for the reason that they were not levied *pro rata* upon all members as required by the statute and by the by-laws of the company. In Swing v. H. C. Akeley Lumber Co. 62 Minn. 169, 64 N. W. 97, Chief Justice Start stated that "the essential principle upon which mutual insurance companies are based is that each member will pay his proportionate share of the losses incurred during the time of his membership, and that he will not be required to pay any greater amount thereof than his *pro rata* share; and any assessment which violates this principle cannot be enforced against him." Plaintiff does not question this rule nor contend that assessments can be sustained which were not levied *pro rata* upon all members of the company; but insists that the hazard as to crops grown in the western part of the state is greater than the hazard as to crops grown in the eastern part thereof, and that the company may take that element into consideration in determining what constitutes a *pro rata* assessment. It is sufficient to say that neither the statute nor the by-laws recognize a difference in the hazard as a reason for making a difference in the assessment. Counsel argue that such difference is a proper matter to take into account in fixing the amount of insurance premiums, but that is not the question presented. The question before the court is whether a contract of insurance which requires all assessments to be levied *pro rata* upon all members is violated by assessing those members living in one locality a greater per cent upon the amount of their insurance than those living in another locality. In our opinion such an assessment clearly violates both the contract and the statute, and

cannot be sustained. The statute requires that the rates shall be uniform for all members. Whether this is the proper rule, or whether sufficient reasons exist for applying different rates to different localities, is a question for the legislature.

The judgment and the order appealed from are both affirmed.