This appeal is from an order entered March 8, 1945, by the circuit court for Dane county in the liquidation proceedings of the Wisconsin Mutual Insurance Company. Said order disallowed the claim of Cheese Makers Mutual Casualty Company in the sum of $2,825.25, being the amount of the unearned premium on a reinsurance contract dated November 7, 1939, issued by the Wisconsin Mutual to the Cheese Makers Mutual, which contract was terminated by the order of the circuit court for Dane county entered February 5, 1941, directing the liquidation of the Wisconsin Mutual. On February 5, 1941, after a hearing on an order to show cause, the Wisconsin Mutual Insurance Company admitted it was then insolvent, whereupon the court entered an order directing its liquidation under the direction of the commissioner of insurance. (See In re Wisconsin Mut. Ins. Co. 241 Wis. 394, 398,6 N.W.2d 330.)
Some claims were filed in the liquidation proceedings seeking payment of the unearned premiums on certain policies issued by the Wisconsin Mutual which were in force on February 5, 1941, and which were terminated by operation of law on the entry of the liquidation order on that date. On September 21, 1944, the liquidator filed objections to such claims, including the claim filed by Cheese Makers Mutual Casualty Company. *Page 487 
After a hearing on November 22, 1944, the court filed its opinion, together with its findings of fact and conclusions of law, directing the entry of an order disallowing all of the claims for unearned premiums, including the Cheese Makers Mutual claim. An order disallowing all such claims was entered on December 2, 1944. Cheese Makers Mutual did not appear at the hearing resulting in the order of December 2, 1944. Thereafter, the liquidator agreed, by stipulation dated January 30, 1945, that the court might reconsider its order of December 2, 1944, so far as the same disallowed the Cheese Makers Mutual claim, without formal motion. On February 28, 1945, after hearing, the court filed an opinion confirming the findings and conclusions of law as made on November 22, 1944, and directed the entry of an order disallowing the Cheese Makers Mutual claim, which order was entered March 8, 1945, and is the order appealed from. Additional material facts will be stated in the opinion.
This appeal presents two questions: (1) May a mutual casualty company, reinsured by another mutual' casualty company, compel the liquidator of the insolvent insuring company to pay, out of assessments levied on the policyholders of the insolvent company, the unearned premium on the reinsurance contract, which was terminated by the order for the liquidation of the insuring company? (2) May such a claim, if disallowed, be used as an offset against valid claims of the liquidator against the claimant? Both questions were answered in the negative by the court below.
The court below based its decision on Dewey v. Davis,82 Wis. 500, 52 N.W. 774. The chief argument here is the application of that case to the facts in the instant case. *Page 488 
Appellant argues that the rule of the Dewey Case is not applicable for the reason that when the Dewey Case was decided (1892) there was no unearned-premium statute like sec. 201.18, or secs. 204.27 and 203.12, Stats. In the Dewey Case the court said (pp. 501, 502):
"This proceeding is a claim presented by the plaintiff against the receiver for unearned premiums on certain policies of insurance theretofore issued by the insolvent company, and which were canceled by the failure of the company and the appointment of the receiver. . . .
"No right to recover an unearned premium on the termination of a policy is given by statute, except it is provided in sec. 1946d, S. B. Ann. Stats. [now sec. 203.12, Stats.], that at the request of the insured the company shall cancel the policy and return the unearned premium. Art. XV of the by-laws gives the company the right to cancel any policy, and requires it, in case it does so, to return the unearned premium. The policies in these cases contain stipulations for a return of unearned premiums in the cases above mentioned, and in those only. The plaintiff is not entitled to any unearned premium, unless he has brought himself within the above provisions. Certainly he has not done so. His policies were not canceled at his request, neither were they canceled by the company, but by operation of law. Both the company and the plaintiff were passive, and the action of the court, and that alone, worked the cancellation thereof.
"There is another reason equally as conclusive why the plaintiff cannot recover such unearned premium. The premium notes constitute the only fund in the hands of the receiver out of which to pay claims against the insolvent company, and we are aware of no law which authorizes an assessment of those notes to pay unearned premiums on policies, whether the premium was paid in cash or by note. The statute [see sec. 1901i, S. B. Ann. Stats. 1889, and sec. 201.01
(3) (d), Stats. 1943] only authorizes assessments to pay losses and expenses accruing during the period of the insurance."
In the instant case the reinsurance contract issued by the Wisconsin Mutual to the Cheese Makers Mutual was *Page 489 
terminated by law, that is, by order of the court entered February 5, 1941, directing the liquidation of the Wisconsin Mutual. The by-laws of the Wisconsin Mutual provide that:
". . . if at any time the liabilities shall exceed the admitted assets of the corporation, the board of directors shall direct the secretary to levy assessments upon policyholders sufficient to pay claims and necessary expenses of collecting the assessments."
The reinsurance contract between the companies provides that:
"The reinsurer [Wisconsin Mutual] will maintain legal reserves with respect to unearned premiums and claims hereunder, and will be liable for all taxes on premiums reported to the reinsurer."
Art. X of the reinsurance contract, in part, provides:
"In the event of any reinsurance hereunder being rendered illegal by the operation of any law, regulation or court decision such reinsurance shall be canceled or reduced to comply with such law, regulation or decision. Any returned premiums to the company as a result of such cancellation or reduction shall be computed on a pro rata basis."
The rule of Dewey v. Davis, supra, was followed in AtlasPaper Co. v. Seamans, 82 Wis. 504, 52 N.W. 775, and in Inre Liquidation of Inter-State Exchange, 211 Wis. 258, 264,247 N.W. 839. For authorities to same effect in other jurisdictions see: 44 C. J. S., Insurance, p. 702, sec. 130, note 83; Vance, Insurance (2d ed.), 318; 3 Couch, Cyc. of Ins. Law, pp. 1899, 1900, sec. 593; 32 L.R.A. 488, note; 38 L.R.A. 102, note; Commonwealth v. Massachusetts Mut. Fire Ins.Co. 112 Mass. 116, 120, 125; Standard Ptg. Pub. Co. v.Bothwell, 143 Md. 303, 122 A. 195, 201, 202; Detroit M. M.F. Ins. Co. v. Merrill, 101 Mich. 393, 59 N.W. 661; Warnerv. Delbridge Cameron Co. 110 Mich. 590, 68 N.W. 283;Hammond v. Knox, 125 App. Div. 9, 109 N.Y. Supp. 367, *Page 490 
hdn. 9, and 374; Gleason v. Prudential Fire Ins. Co. 127 Tenn. 8,151 S.W. 1030, 1033; Crouch v. Southern Surety Co.131 Tenn. 260, 174 S.W. 1116; Allen v. Thompson 108 Ky. 476,56 S.W. 823, 824; House v. Siegel, 121 Ark. 236,180 S.W. 747, 748, 749; Johnson v. House, 131 Ark. 113,198 S.W. 876; Doane v. Millville Mut. Ins. Co. 43 N.J. Eq. 522,11 A. 738, 741, 742; Hill v. Baker, 205 Mass. 303, 91 N.E. 380,381.
Sec. 203.05, Stats., enacted by ch. 464, Laws of 1913, provides.
"Unless otherwise specified in an indorsement on the policy, which is hereby authorized, the company shall hold as a deposit in trust for the insured, for which he shall have a preferred claim, a pro rata part of the premiums paid on every standard fire insurance policy."
It is significant that this enactment is limited and made applicable only to fire insurance policies. It makes no reference to other companies and it changes the rule of Dewey v. Davis,supra, only as to fire insurance companies. It is the only statute which requires any premium reserve to be held in trust for policyholders.
Appellant argues that the enactment of secs. 201.18, 204.27, and 203.12, Stats., since the decision in Dewey v. Davis, supra, distinguishes that case on its facts and renders the rule inapplicable to the instant case. Appellant also cites and quotes from Duel v. State Farm Mut. Automobile Ins. Co. 240 Wis. 161,177, 178, 1 N.W.2d 887, 2 N.W.2d 871. There the court said:
"In our opinion, this section [sec. 203.12], in connection with those relating to unearned-premium reserves, indicate a plain statutory purpose that the costs of furnishing insurance shall be collected by a charge known as a `premium;' that reserves shall be set up against this premium, and that specified portions of the premium indicated in the statutory tables shall be returned as unearned upon cancellation of the insurance. *Page 491 
"It is impossible to repel the implication from all this that the amount exacted to cover the cost of insurance shall buy insurance protection which may be so measured that the unearned portion of the premium deposit may be ascertained and returned."
What, appellant fails to note is that the reference to the return of the unearned premium applies where there is a cancellation of the insurance either by the insured or the insurer. In the instant case the reinsurance policy was not canceled at the request of the insured or the insurance company; it was canceled by operation of law.
We have carefully examined the several statutes cited and quoted by the appellant. We are of the view that the rule ofDewey v. Davis, supra, is applicable and controls the instant case; that appellant's claim for a return of the unearned premium was properly denied.
The next question is: May such a claim, if disallowed, be used as an offset against valid claims of the liquidator against the claimant? This question must be answered in the negative. The effect of our decision is that appellant has no claim against the liquidator of the Wisconsin Mutual Insurance Company. In any event, the rule is that even a valid claim may not be used as an offset in a liquidation such as this. 29 Am. Jur., Insurance, p. 352, sec. 415; 31 A.L.R. 1281, 1283, note; 32 C.J., Insurance, p. 1046, sec. 112; Stutzman v. CiceroMut. Fire Ins. Co. 150 Wis. 254, 256, 136 N.W. 604; Commonwealthv. Massachusetts Mut. Fire Ins. Co.112 Mass. 116, 124; Buck v. Ross, 59 S.D. 492, 240 N.W. 858, 860;Standard Ptg. Pub. Co. v. Bothwell, 143 Md. 303,122 A. 195, 201.
It follows that the order must be affirmed.
By the Court. — Order affirmed. *Page 492