In the Matter of the Liquidation of WORKMEN'S AND SUFFOLK MUTUAL INSURANCE COMPANY. SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of Workmen's and Suffolk Mutual Insurance Company, Appellant, v. LOUISE AUGUSTUS et al., Respondents.

First Department, July 3, 1973.

*Howard Breindel* of counsel (*Wells Burgess* and *Robert Aronson* with him on the brief; *Leonard H. Minches,* attorney, and *Regan Goldfarb Powell & Quinn*), for appellant.

*Cynthia Findletta,* respondent in person.

LANE, J. The petitioner, Superintendent of Insurance (Superintendent) was appointed as the liquidator of the Workmen's and Suffolk Mutual Insurance Company (the Insurance Company). The Superintendent filed his report with the court. There were objections raised and a Referee was appointed to hear and report on these objections together with his recommendations.

The partial report of the Referee dealt with claims of "Class II Policyholders" who had filed claims for the return of unearned premiums. Each of these claimants had paid their premiums in advance but had received insurance coverage only through the date on which the Insurance Company had been declared insolvent. To the extent that coverage was not afforded

after insolvency, the premiums were unearned and therefore the policyholders claimed a refund.

The position taken by the Superintendent and concurred in by the Referee was that these Class II claims should be subordinated to the claims of matured loss claimants and general creditors. The court at Special Term, however, determined that the unearned premium claimants were entitled to share *pari passu* with all other claimants.

The Insurance Company in the case at bar is a mutual insurance company. All policyholders in such a company are considered members (*Mygatt* v. *New York Protective Ins. Co.*, 21 N. Y. 52; *Raegener* v. *Willard*, 44 App. Div. 41). In any event, the by-laws of this Insurance Company specifically provide that all policyholders are members.

The premium payments by members of the Insurance Company constitute the working capital from which loss claims are paid.

While there is no New York case squarely in point, most jurisdictions follow the rule enunciated in *Commonwealth* v. *Massachusetts Mut. Fire Ins. Co.* (112 Mass. 116 [1873]) which allows the liquidator to pay unearned premium claimants out of the surplus fund remaining after payments to general creditors and loss claimants (see, e.g., *Dewey* v. *Davis*, 82 Wis. 500 [1892]; *Hill* v. *Baker*, 205 Mass. 303 [1910]; *Standard Print. and Pub. Co.* v. *Bothwell*, 143 Md. 303 [1923]).

It is most equitable to have the matured loss claimants paid prior to unearned premium claimants. The former are being compensated for coverage which they purchased and for actual losses incurred, while the latter are merely being required to pay their premiums as " members " in order to fulfill the prime function of the Insurance Company, namely, payment of proven and matured loss claims.

Accordingly, the order should be modified on the law and the facts and in the exercise of discretion to the extent of suspending payment on claims of Class II policyholders pending determination of the existence of a surplus after payment to loss claimants and general creditors. The report of the Referee should be confirmed in its entirety without costs or disbursements.

KUPFERMAN, J. P., MURPHY, TILZER and CAPOZZOLI, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on January 17, 1973, unanimously modified, on the law and the facts and in the exercise of discretion, to the

extent of suspending payment on claims of Class II policyholders pending determination of the existence of a surplus after payment to loss claimants and general creditors, and confirming the report of the Referee in its entirety, and as so modified, affirmed, without costs and without disbursements.